[Cite as *State v. McCann*, 2013-Ohio-2992.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA18 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| FLOYD C. MCCANN, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 07/02/13** |

_____

APPEARANCES:

Mark J. Miller, Shaw & Miller, Columbus, Ohio, for Appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Robert
C. Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton,
Ohio, for Appellee.

_____

McFarland, P.J.

{¶1} This is an appeal from the Lawrence County Court of Common Pleas' denial of Floyd McCann's post-sentence motion to withdraw his guilty plea. On appeal, McCann (Appellant herein) raises two assignments of error, arguing that 1) the trial court erred in denying his motion to withdraw his guilty plea because evidence which was potentially exculpatory was never disclosed to him; and 2) the trial court abused its discretion in failing to hold a hearing on his motion to withdraw his guilty plea.

{¶2}   Because we conclude that the arguments raised under Appellant's first assignment of error are barred by the doctrine of res judicata, Appellant's first assignment of error is overruled.   Likewise, because Appellant's arguments are barred by the doctrine of res judicata, we cannot conclude that the trial court erred in failing to hold a hearing on Appellant's motion and, therefore, his second assignment of error is also overruled.  Accordingly, the decision of the trial court is affirmed.

FACTS

{¶3}  We recount the facts as set forth in our prior consideration of this matter in *State v. McCann*, 4th Dist. No. 10CA12, 2011-Ohio-3339.  On January 7, 2009, Mark Robinson ("Robinson") heard a loud noise, which he assumed was an animal being struck by a vehicle on the road in front of his home. Robinson went to locate the downed animal, but found nothing. As he turned back toward his home, Robinson was struck in the back by a .22 caliber bullet.

{¶4}  At that same time, Appellant had been shooting his .22 caliber rifle at a box he had stationed on his front porch. The backdrop of Appellant's target was Robinson's property. Though ballistics were inconclusive, law enforcement was able to establish the trajectory of a bullet

that had traveled from Appellant's porch to the location where Robinson had been shot. Robinson is now paralyzed from the waist down.

{¶5} Law enforcement arrested Appellant and the Lawrence County Grand Jury indicted him for felonious assault and having weapons under disability. Appellant was also serving a term of community control, which the state sought to revoke. Appellant waived his statutory speedy trial rights. The grand jury subsequently indicted Appellant on a single count of felonious assault, with a firearm specification. After consolidating the two indictments, Appellant filed several pre-trial motions. Eventually, Appellant waived his statutory speedy trial rights relating to the second indictment.

{¶6} In exchange for the state agreeing to dismiss the first indictment and the pending motion to revoke Appellant's community control, Appellant entered an Alford plea to the second indictment. Appellant stipulated to the facts within the indictment, but contested that he had knowingly shot Robinson. The trial court questioned Appellant on his motives for entering such a plea, and ultimately accepted his plea, finding him guilty of felonious assault with a firearm specification. The trial court sentenced Appellant to 10 years of incarceration, and Appellant filed a direct appeal of his conviction and sentence.

{¶7}  In his direct appeal, Appellant raised two arguments, essentially contending that 1) the trial court erred in accepting his Alford plea, claiming there was no evidence that he intentionally shot the victim; and 2) he was denied the effective assistance of counsel.  We found no merit to the assignments of error raised by Appellant and affirmed the decision of the trial court in *State v. McCann*, supra.  Subsequently, however, Appellant filed an application for the reopening of his appeal, raising four assignments of error therein.

{¶8}  We found merit in only one of the assigned errors, which asserted that the trial court failed to properly advise Appellant regarding post-release control.  Although Appellant argued that such error required that his plea be vacated, we disagreed, stating that "the proper remedy would not be to vacate McCann's plea, as he requests, but rather to find that portion of his sentence is void and remand the case to the trial court to resentence him under R.C. 2929.191." *State v. McCann*, 4th Dist. No. 10CA12, ¶ 26 (July 6, 2012) (Decision and Judgment Entry on Reopening). As such, the matter was remanded for the limited purpose of properly imposing post release control.

{¶9}  After the matter was remanded, Appellant filed a motion in the trial court in the form of a public records request, seeking disclosure of BCI

evidence, which motion was denied by the trial court on August 8, 2012.[1]

Then, on August 9, 2012, Appellant filed another motion in the trial court

seeking to "invalidate his plea agreement as unconstitutional." The trial

court denied Appellant's motion without a hearing on August 14, 2012,

based upon the reasoning that "a defendant does not have a right to litigate

his claim indefinitely," and that the motion was "outside Appellate

Procedures and Civil Rules." It is from this decision that Appellant brings

his current appeal, assigning two errors for our review.

## ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT ERRED IN DENYING APPELLANT'S
        MOTION TO WITHDRAW GUILTY PLEA BECAUSE EVIDENCE
        WHICH WAS POTENTIALLY EXCULPATORY WAS NEVER
        DISCLOSED TO HIM.

II.     THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO
        HOLD A HEARING ON APPELLANT'S MOTION TO
        WITHDRAW HIS GUILTY PLEA."

## ASSIGNMENT OF ERROR I

{¶10}  In his first assignment of error, Appellant contends that the

trial court erred in denying his motion to withdraw his guilty plea, in which

he asserted that potentially exculpatory evidence was never provided to him.

Specifically, Appellant claims that the following exculpatory evidence

---

[1] Appellant filed an appeal from that matter, *State v. McCann*, Lawrence App. No. 12CA17, which this Court dismissed as untimely filed on December 6, 2012.

exists, but was not disclosed to him: 1) collection of data; 2) digital photos; and 3) measurements and laser readings for bullet trajectory. He claims that the existence of this evidence was alluded to in a search warrant receipt/inventory, an investigative report, and also in testimony given at a motion hearing prior to entering his plea.

{¶11} Crim.R. 32.1, which governs the withdrawal of guilty pleas, provides as follows:

"A motion to withdraw a plea of guilty or no contest may be

made only before sentence is imposed; but to correct manifest

injustice the court after sentence may set aside the judgment of

conviction and permit the defendant to withdraw his or her

plea."

{¶12} Under the rule, a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. This decision lies within the sound discretion of the trial court. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). Accordingly, we review that decision under the deferential abuse of discretion standard. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *State v. Lessin*, 67 Ohio St.3d 487, 494, 620 N.E.2d 72 (1993); *Rock v. Cabral* , 67

Ohio St.3d 108, 112, 616 N.E.2d 218 (1993). An abuse of discretion involves far more than a difference in opinion. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. *State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264, (1984), certiorari denied, 472 U.S. 1032 (1985); *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985).

{¶13}  As set forth above, the trial court's stated reason for denying Appellant's motion was that "a defendant does not have a right to litigate his claim indefinitely," and that the motion was "outside Appellate Procedures and Civil Rules."  We construe the trial court's reasoning to be based upon the principles of the doctrine of res judicata.  The doctrine of res judicata bars claims that the defendant raised or could have raised on direct appeal. *In re B.C.S.*, 4th Dist. No. 07CA60, 2008-Ohio-5771, ¶ 14. "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles

of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶14} In Appellant's direct appeal of this matter after his initial conviction and sentencing, as well his application for reopening of our original decision in this matter, Appellant argued that his plea was not knowing and voluntary, and also argued that the trial court erred in accepting his plea. After a thorough review of the record, we concluded that the trial court properly accepted Appellant's plea, and therefore overruled these arguments. In response to Appellant's argument that his plea was not made knowingly, voluntarily, and intelligently, in our decision and judgment entry on reopening, we stated as follows:

> "McCann has already argued this point from many different
> angles. We have already determined there was a sufficient
> factual basis for the trial court to accept McCann's plea. We
> have already decided his plea was knowing, voluntary, and
> intelligent because the trial court complied with Crim.R. 11.
> Thus, McCann's argument is without merit." *State v. McCann*,

4th Dist. No. 10CA12, ¶ 32 (July 6, 2012) (Decision and

Judgment Entry on Reopening).

**{¶15}** Appellant again challenges the validity of his plea, from yet

another angle, this time claiming the existence of certain exculpatory

evidence that was not provided to him. We initially note that to the extent

Appellant's claim relies upon exculpatory evidence, which is outside the

record and therefore not before this Court, Appellant's motion would have

been more properly brought as a petition for post-conviction relief.

However, our review of the record indicates that a petition for post-

conviction relief pursuant to R.C. 2953.21 would have been time-barred at

the time Appellant filed the motion underlying the current appeal. Further,

the motion filed by Appellant below was entitled "Motion to Invalidate Plea

Agreement as Unconstitutional," that was clearly brought pursuant to

Crim.R. 32.1, which governs withdrawals of guilty pleas, both pre and post

sentence. Thus, because the motion was clearly grounded in Crim.R. 32.1,

even if a petition for post-conviction had not been time-barred, the trial court

would not have been permitted to re-cast the motion as a petition for post-

conviction relief, which would have permitted consideration of the extrinsic

evidence Appellant urges us to now consider. *State v. Bush*, 96 Ohio St.3d

235, 2002-Ohio-3993, 773 N.E.2d 522, syllabus ("R.C. 2953.21 and 2953.23

do not govern a CrimR. 32.1 postsentence motion to withdraw a guilty plea."); *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 13 (noting that "some motions may not be recast by a trial court[,]" Crim.R. 32.1 motions in particular.)

{¶16} Just prior to the filing of his current appeal, Appellant filed another, related appeal, *State v. McCann*, 4th Dist. No. 12CA17 (Dec. 6, 2012). In that appeal, Appellant challenged the trial court's denial of a public records request he made as an attempt to obtain actual physical evidence which he alleged was exculpatory.[2] Appellant claimed that this physical evidence was alluded to in a search warrant receipt/inventory and an investigative report, both of which the record indicates were provided to him during the discovery phase of his underlying case. Appellant additionally claimed that BCI agents testified that they gathered this evidence, and that this testimony occurred at a motion hearing prior to his plea. However, because Appellant failed to timely appeal the denial of his public records request, we dismissed his appeal. Thus, Appellant was never able to actually obtain the evidence which he now argues is exculpatory.

{¶17} In light of the denial of Appellant's public records request and our subsequent dismissal of that appeal, Appellant has failed to demonstrate

---

[2] The exculpatory evidence sought in Appellant's 12CA17 case is the same that is the subject of the present case, which includes 1) collection of data; 2) digital photos; and 3) measurements and laser readings for bullet trajectory.

the existence of exculpatory evidence. Further, even if it did exist, the search warrant inventory and investigative report which Appellant now references in support of its existence were provided to Appellant during the discovery phase of his underlying case. Moreover, the BCI agent testimony which Appellant claims referenced the existence of this evidence, was given in a motion hearing that occurred prior to Appellant's plea. As a result, any question regarding the existence or non-existence of this evidence was discoverable to Appellant prior to entering his plea. Thus, the argument could have been raised as part of his direct appeal of his conviction.

{¶18} Because this argument could have been raised in his earlier, direct appeal of his conviction and sentence, it is now barred by the doctrine of res judicata. As stated by the trial court, which is in accord with the doctrine of res judicata, "a defendant does not have a right to litigate his claim indefinitely." Thus, we find no abuse of discretion on the part of the trial court in denying Appellant's motion to withdraw his guilty plea, based upon the principles of res judicata. Accordingly, Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

{¶19} In his second assignment of error, Appellant contends that the trial court abused its discretion in failing to hold a hearing on his motion to

withdraw his guilty plea. As we noted in *State v. Pemberton*, 4th Dist. No. No. 10CA4, 2011-Ohio-373, at ¶ 26, " '[a] trial court is not always required to conduct an evidentiary hearing when presented with a post-sentence motion to withdraw a guilty plea.' " Quoting *State v. Vincent*, 4th Dist. No. 03CA2713, 2003-Ohio-3998, at ¶ 10; citing *State v. Nathan*, 99 Ohio App.3d 722, 651 N.E.2d 1044 (3rd Dist. 1995); *State v. Woods*, 8th Dist. No. 82120, 2003-Ohio-2475; *State v. Jacobson*, 4th Dist. No. 01CA730, 2003-Ohio-1201; *State v. Moore*, 4th Dist. No. 01CA674, 2002-Ohio-5748. Instead, a trial court must only hold a hearing on a Crim.R. 32.1 motion if the "facts, as alleged by the defendant, indicate a manifest injustice would occur if the plea was allowed to stand." Id., citing *Vincent*, *Nathan* and *Jacobson*.

{¶20} Here, the allegations Appellant set forth in his motion alleged manifest injustice as the result of the existence of exculpatory evidence which he claims was not disclosed to him prior to entering his plea. Because we have already determined that res judicata bars the consideration of the merits of that issue, the court was not required to hold a hearing. *Pemberton* at ¶ 27. Accordingly, this assignment of error is meritless and is therefore overruled.

{¶21}  Having failed to find merit in the assignments of error raised

by Appellant, the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court,

BY:  _____
Matthew W. McFarland
Presiding Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**