[Cite as *State v. Knowles*, 2013-Ohio-2578.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2012 CA 35 |
| v. | : | T.C. NO. 07CR205 |
| EURON W. KNOWLES | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___21st___ day of ___June___, 2013.

. . . . . . . . . .

WESLEY E. SOMOGY, Atty. Reg. No. 0089037, Assistant Prosecuting Attorney, 200 N. Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

EURON W. KNOWLES, #579273, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
      Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

      **{¶ 1}**  Euron Knowles appeals from a judgment of the Champaign County

Court of Common Pleas, which denied his motion to correct sentence.

{¶ 2} In April 2008, Knowles pled guilty to three counts of gross sexual imposition that were alleged to have occurred between 2002 and 2004. He was sentenced to two years in prison on each count, to be served consecutively. (The shortest authorized prison term for his offenses was one year.) There is no indication in the record that Knowles directly appealed from his conviction and sentence.

{¶ 3} Although Knowles's crimes occurred prior to the enactment of Am.Sub.S.B. 10, Ohio's version of the federal Adam Walsh Act ("S.B. 10"), he was sentenced after the effective date of S.B. 10, and the trial court designated Knowles as a Tier II sex offender. In 2011, Knowles filed a motion for reclassification, contending that S.B. 10 could not constitutionally be applied retroactively to him. The trial court denied Knowles's motion, but we reversed that judgment, finding that a retroactive classification of an offender under S.B. 10 for an offense committed before the effective date of that act "was not merely voidable, but void." *State v. Knowles*, 2d Dist Champaign No. 2011-CA-17, 2012-Ohio-2543, ¶ 9-10, following *State v. Eads*, 2d Dist. Montgomery No. 24696, 2011-Ohio-6307, ¶ 24. We remanded for further proceedings. *Id.* On remand, the trial court classified Knowles as a sexually oriented offender under the law as it existed prior to S.B. 10.

{¶ 4} In 2012, after the trial court's reclassification of Knowles as a sexually oriented offender, Knowles filed a motion to correct sentence, arguing that the legislature had expressed an intent that courts impose the minimum sentence on first-time offenders, which the court in this case had failed to do. He also argued that the trial court failed to make required findings in support of its imposition of non-minimum sentences and that his

sentence was inconsistent with the sentences imposed on similar offenders for similar crimes. The trial court overruled the motion, finding that the sentence was properly imposed, that the prior modification of Knowles's sex offender classification did not affect the rest of his sentence, and that Knowles's argument that his sentence was disproportionate to similar crimes committed by similar offenders was barred by res judicata.

{¶ 5}   Knowles raises one assignment of error on appeal from the denial of his motion to correct sentence.

THE TRIAL COURT ABUSE[D] ITS DISCRETION WHEN NOT CONSIDERING THE MANDATES OF OHIO REVISED CODE 2929.14(B), WHEN SENTENCING A DEFENDANT WHO HAS NOT PREVIOUSLY SERVED A PRISON TERM.

{¶ 6}   On appeal, Knowles contends that the trial court erred in imposing a sentence greater than the minimum sentence without stating, on the record, its reasons for doing so. He asserts that his conviction was "contrary to law" and void, that it should be vacated, and that he "may not be twice put in jeopardy for the same offenses."

{¶ 7}   "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Knowles did not challenge his sentence on direct appeal, as he could have done. On this basis, the trial court found that his motion to correct sentence was barred by res

judicata.

{¶ 8} Knowles argues that the trial court's judgment of conviction and his resulting sentences were void. A void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 8; *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 233, ¶ 8.

{¶ 9} Under Ohio law, there are "but two reasons that a judgment is void: '[the judgment] has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act.'" *Lamb v. Lamb*, 2d Dist. Montgomery No. 92-DM-1074, 2011-Ohio-2970, ¶ 12, quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12. "Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *Parson* at ¶ 8, citing *Simpkins* at ¶ 12. "[D]efendants with a voidable sentence are entitled to resentencing only upon a successful challenge on direct appeal." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 30.

{¶ 10} The trial court clearly had jurisdiction over Knowles's case and the authority to impose a sentence upon him; Knowles does not dispute these facts. Knowles also does not claim that his sentence was not within the statutory limits or was not provided for by law. Thus, his sentence was not void. The claims raised in Knowles's motion allege, at most, that his sentence was voidable because it was disproportionate and inconsistent, and because certain findings in support of the sentence were not made on the record. Even if these allegations were true, Knowles's sentence would be voidable, but not

void.

{¶ 11} Because arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal, the trial court correctly concluded that Knowles's arguments were barred by res judicata. *Payne* at ¶ 30.

{¶ 12} Even if we were to consider Knowles's argument, the substance of Knowles's argument – that the trial court was required to make findings of fact before imposing a non-minimum sentence – is also without merit. "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. In light of *Foster*, we would find no error in the trial court's failure to state, on the record, its reasons for imposing non-minimum sentences.

{¶ 13} The assignment of error is overruled.

{¶ 14} The judgment of the trial court will be affirmed.

. . . . . . . . . .

DONOVAN, J. and DONOFRIO, J., concur.

(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Wesley E. Somogy
Euron W. Knowles
Hon. Nick A. Selvaggio