[Cite as *State v. Baker*, 2015-Ohio-338.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee             :    C.A. CASE NO.   26252
                                           :
v.                                         :    T.C. NO. 11CR4317/2
                                           :
LARRY BAKER                                :    (Criminal Appeal from
                                           :     Common Pleas Court)
    Defendant-Appellant            :
                                           :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___30th___ day of ____January_____, 2015.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

LARRY BAKER, #A686-670, 15708 McConnelsville Road, Caldwell, Ohio 43724
    Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Larry Baker appeals, pro se, from the trial court's denial of his petition for postconviction relief, filed pursuant to R.C. 2953.21. Baker is serving an aggregate prison term of 36 years to life, following his conviction on two counts of murder and firearms specifications. We affirmed his conviction on appeal. *State v. Baker*, 2d Dist.

Montgomery No. 25828, 2014-Ohio-3163.

{¶ 2} As we stated in our Opinion, Baker's offenses related to a robbery and shooting at the Cash and Go pawn shop on December 22, 2011. Baker and two accomplices, Darren Taylor and Anthony Dewayne McClain, were alleged to have driven to the pawn shop from Detroit that morning and to have robbed the shop and shot its employee, Ilya Golub. Golub returned fire, striking McClain, but the three perpetrators managed to flee and returned to Detroit. Golub and McClain died from their gunshot wounds.

{¶ 3} Baker was later charged with four counts of murder, two counts of aggravated robbery, and two counts of felonious assault. Each count included a firearm specification. In June 2013, Baker was found guilty by a jury on all counts. The four counts of which Golub was the victim (two counts each of murder, aggravated robbery, and felonious assault) were merged, and the two counts of murder related to McClain were merged. On direct appeal, Baker challenged the weight and sufficiency of the evidence, and he argued that he was denied the effective assistance of counsel. We rejected each of these arguments. *Id.*

{¶ 4} On February 19, 2014, Baker filed a petition for postconviction relief. The petition alleged that Baker had been denied the effective assistance of counsel in that trial counsel 1) had not called one of the other perpetrators of the crime, Darren Taylor, as a witness to "clear [Baker] of any wrongdoing," and 2) failed to present evidence that Baker had called the police "to report the incident" when he got back to Detroit. According to Baker, this evidence would have supported his position that, if he were "guilty of anything, it's being guilty by association," or being with the wrong people at the wrong time. The

State filed an answer to the petition and a motion for summary judgment.

{¶ 5} The trial court denied Baker's petition and granted the State's motion for summary judgment without a hearing. Baker raises one assignment of error on appeal, challenging the denial of his petition without a hearing.

{¶ 6} R.C. 2953.21(A)(1)(a), provides, in part:

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

Baker claims that he was denied his constitutional rights because his trial counsel rendered ineffective assistance. Such an argument, if successful, would render his judgment voidable, but not void. *See, e.g., State v. Knowles*, 2d Dist. Champaign No. 2012 CA 35, 2013-Ohio-2578, ¶ 9; *State v. Chivers*, 2d Dist. Montgomery No. 16751, 1998 WL 350543, * 1 (July 2, 1998).

{¶ 7} The post-conviction relief statutes do "not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *State v. Jackson,* 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). Rather, in addressing a petition for post-conviction relief, a trial court plays a "gatekeeping role" as to whether a defendant will receive a hearing. *State v. Gondor,* 112 Ohio St.3d 377,

2006-Ohio-6679, 860 N.E.2d 77, ¶ 51. A trial court may dismiss a petition for postconviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun,* 86 Ohio St.3d 279, 714 N.E.2d 905*, paragraph two of the syllabus; *Gondor* at ¶ 51. R.C. 2953.21 requires the trial court to make findings of fact and conclusions of law if it dismisses or denies the petition for postconviction relief. R.C. 2953.21(C), (G); *Calhoun* at paragraph three of the syllabus.

{¶ 8} Where a petition is based on alleged ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. *Jackson* at 107, syllabus. A defendant must demonstrate that counsel's performance was deficient and fell below an objective standard of reasonable representation, and that the defendant was prejudiced by counsel's performance; there must be a reasonable probability that but for counsel's unprofessional errors, the result of the defendant's trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 9} "In reviewing a trial court's determination on a petition for postconviction relief, the reviewing court uses an abuse of discretion standard." *State v. Perkins,* 2d Dist. Montgomery No. 24397, 2011-Ohio-5070, ¶ 16, citing *Gondor* at ¶ 45. An abuse of discretion is a decision that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985); *Blakemore v.*

*Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 10} With respect to the testimony of Darren Taylor, Baker's petition and its attachments suggest that letters and statements made by Taylor after the crime supported Baker's contention that, although he (Baker) was present at the robbery, he had not actively participated in it. The statements Taylor made to his girlfriend suggest confusion on Taylor's part about how the police had connected Baker and his wife with the crime during their investigation, and Taylor had given conflicting statements to the police about who his accomplices had been. The petition asserts that Baker instructed his attorney to speak with Taylor, who "could clear up any wrong involvement of petitioner's behalf in this case" by testifying that Baker "had no knowledge that [Taylor] and Anthony McClain were going to Ohio to commit a Robbery offense, let alone commit murder." The petition asserts that trial counsel did not talk with or subpoena Taylor.

{¶ 11} The trial court held that Baker's documentation in support of this claim, which included his own affidavit, an unidentified handwritten narrative, and various police reports, failed to establish that Taylor was willing to testify during Baker's trial. The court further noted that "Taylor had a history of lying when asked about the events" surrounding the shooting, including a claim in his initial interview with the police that Baker had not been with him. Baker had admitted being at the pawn shop, and surveillance footage also documented his presence. The court concluded that, "even if Mr. Taylor had agreed to testify at [Baker's] trial, it is unclear whether his testimony would have been truthful or whether it would have had any effect on the jury." Further, the court found that trial counsel's decision not to call Taylor, a co-defendant of Baker who had been convicted of the same offenses before Baker's trial, was a reasonable, strategic choice.

{¶ 12} The evidence relied upon by Baker did not establish that Taylor was willing to testify on Baker's behalf or that, if Taylor had done so, his testimony would have reflected Baker's alleged non-accomplice involvement in the crime or would have otherwise been helpful to the defense. The trial court did not abuse its discretion in rejecting this argument without a hearing.

{¶ 13} With respect to the 911 call, Baker's petition alleged that he had called 911 from McClain's cell phone as Taylor was dumping McClain's body in an alley in Michigan. According to the petition, Baker "had to hang up [when Taylor returned to the car,] fearing for his life" if Taylor realized he had made such a call. Baker asserted that he informed dispatch of the location of the body before Taylor returned to the car, then hung up. Baker contends that trial counsel was ineffective in failing to investigate or present evidence about this 911 call.

{¶ 14} Baker's petition did not include any evidence about the nature or content of the 911 call. The court observed that Baker merely alleged that counsel should have investigated the call more thoroughly, but did not "specify what would have been discovered by any additional investigation * * * [or] allege any additional facts to suggest a more thorough investigation would have changed the outcome of the trial." The trial court noted that evidence about the call was presented at trial: testimony was presented that calls were made to the police department from McClain's cell phone, and that the calls originated near Baker's home. The court stated that, because the phone calls came from near Baker's house, "it appears that the jury viewed the phone calls as links between the Defendant and the murders, rather than evidence of his innocence," and that trial counsel made a reasonable, strategic choice not to focus on this evidence. The

court did not abuse its discretion in concluding that Baker's assertions and evidence regarding the 911 call did not warrant a hearing on his petition for postconviction relief.

{¶ 15} Addressing the denial of the petition without a hearing, the trial court stated that Baker "relie[d] solely on speculation as to Mr. Taylor's possible testimony, as well as the impact of Defendant's 911 calls regarding the location of Mr. McClain's body." It concluded that the statements in Baker's affidavit, even if true, were insufficient to establish a constitutional violation or that further investigation of Taylor's potential testimony or of the 911 call would have led to exculpatory evidence; Baker had "not introduce[d] any additional facts entitling him to an evidentiary hearing."

{¶ 16} Baker's petition, his affidavit, and the other documents attached to the petition provided, at most, a basis for conjecture that additional investigation by trial counsel might have led to helpful evidence. Thus, the petition did not set forth sufficient operative facts to establish that Baker was denied the effective assistance of counsel or that the defense was prejudiced by counsel's alleged ineffectiveness. Because the petition did not establish a violation of Baker's constitutional right to the effective assistance of counsel or other substantive grounds for relief, the trial court did not abuse its discretion in denying the petition without a hearing.

{¶ 17} Baker's assignment of error is overruled.

{¶ 18} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Andrew T. French
Larry Baker

Hon. Dennis J. Adkins