COURT OF APPEALS
MONTGOMERY COUNTY, OHIO
SECOND APPELLATE DISTRICT

| | |
|---|---|
| | JUDGES: |
| STATE OF OHIO | Hon. Patricia A. Delaney, P. J. |
| | Hon. John W. Wise, J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| | (Visiting Judges Sitting by |
| -vs- | Supreme Court Assignment) |
| | |
| MICHAEL MCCAIN | Case No. 27195 |
| | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Case No. 2004 CR 1865

JUDGMENT:                  Affirmed

DATE OF JUDGMENT ENTRY: 8th day of September, 2017

APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

MATHIAS H. HECK, JR.          MICHAEL MCCAIN
PROSECUTING ATTORNEY      PRO SE
ANDREW T. FRENCH           Mansfield Corr. Institution
ASSISTANT PROSECUTOR       PO Box 788
PO Box 972                  Mansfield, Ohio 44901
301 West Third Street
Dayton, Ohio 45422

*Wise, John, V. J.*

{¶1} Defendant-Appellant Michael D. McCain, Sr., appeals the decisions of the Court of Common Pleas, Montgomery County, overruling his *pro se* motion to set aside a 2004 guilty plea and conviction and issuing an amended judgment entry vacating his post-release control regarding an aggravated robbery count from said conviction. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

<u>*Appellant's 2004 Conviction*</u>

{¶2} On May 21, 2004, Appellant McCain was indicted on one count of felony murder with the predicate offense of felonious assault (R.C. 2903.02(B) - an unclassified felony), one count of aggravated robbery (R.C. 2911.01(A)(1) - a felony of the first degree), and one count of falsification (R.C. 2921.13(A)(3) – a misdemeanor of the first degree). Appellant initially pled not guilty to the charges. He thereafter filed a suggestion of incompetency, claiming he was not guilty by reason of insanity. The trial court subsequently ordered appellant to undergo a competency evaluation. Based on the result of said evaluation, the trial court found appellant competent to stand trial.

{¶3} On September 28, 2004, appellant pled guilty to felony murder and aggravated robbery. Pursuant to a plea agreement, the falsification charge was dismissed and appellant was to be given concurrent sentences for his offenses.

{¶4} On October 12, 2004, the trial court sentenced appellant to fifteen years to life in prison for felony murder and seven years in prison for aggravated robbery, with the two sentences ordered to run concurrently.

{¶5} Appellant did not file a direct appeal from his conviction and sentence.

*Appellant's 2013 Post-Conviction Motions*

**{¶6}** On August 21, 2013, approximately nine years after his conviction, appellant filed two motions asking the trial court to set aside his judgment and for an order staying the execution of his judgment. His motions essentially claimed (1) the trial court's judgment was void for lack of service, notice, and due process; (2) the State had withheld information from him; (3) his trial counsel had misled him; and (4) the trial court lacked jurisdiction. Following these motions, appellant filed numerous accompanying documents and additional motions with the trial court.

**{¶7}** On November 13, 2013, the trial court issued a decision interpreting appellant's filings as petitions for post-conviction relief and overruling them as untimely. The trial court also held that the claims advanced by appellant in his petitions were barred by *res judicata*.

**{¶8}** On December 10, 2013, appellant filed an appeal to this Court from the trial court's November 13, 2013 decision denying his petitions for post-conviction relief, raising five assignments of error for review. However, we affirmed the decision of the trial court on June 27, 2014. *See State v. McCain*, 2nd Dist. Montgomery No. 26020, 2014-Ohio-2819 ("*McCain I*")*.

*Appellant's 2013 and 2014 Motions to Withdraw Guilty Plea*

**{¶9}** On December 10, 2013, appellant filed a motion to withdraw his guilty plea (Crim.R. 32.1) on the grounds that his plea and sentence were void as a result of the trial court improperly imposing post-release control. On July 10, 2014, shortly after the aforesaid appellate decision in "*McCain I*" was issued, appellant filed a supplemental motion to withdraw his guilty plea and accompanying affidavit in the trial court. Appellant

therein argued that his guilty plea had not been knowingly and voluntarily made because the trial court erroneously advised him at the plea hearing that he would be subject to a period of post-release control on his felony murder charge. In addition, appellant claimed the 2004 sentencing entry did not indicate that the period of post-release control for aggravated robbery was mandatory. Appellant also alleged that he had received ineffective assistance of counsel.

{¶10} Furthermore, on July 17, 2014, the trial court filed an amended sentencing entry that vacated the post-release control order as to the aggravated robbery count. In the amended entry, the trial court explained that it vacated post-release control because the original sentencing entry did not properly specify that the period of post-release control would be mandatory. The court also recognized that appellant had already completed his seven-year prison term for aggravated robbery.

{¶11} Shortly after the trial court issued said amended sentencing entry, on July 21, 2014, the trial court issued an order overruling appellant's supplemental motion to withdraw his guilty plea.

{¶12} Appellant filed an appeal from the July 21, 2014 decision of the trial court. Upon review, this Court affirmed the trial court's decision. *See State v. McCain*, 2nd Dist. Montgomery No. 26356, 2015-Ohio-449 ("*McCain II*")*.*

<u>*Appellant's 2015 Motions*</u>

{¶13} On May 11, 2015, appellant filed a "petition for re-sentencing based on void waiver and judgment." The trial court overruled same on June 4, 2015.

{¶14} On June 3, 2015, appellant filed a motion for certain records. The trial court overruled same on July 1, 2015.

**{¶15}** Appellant did not appeal either of these two decisions.

*Appellant's 2016 Petition to "Set Aside Judgment"*

**{¶16}** On March 9, 2016, appellant filed with the trial court a "petition to set aside the judgment and vacate the conviction of the plea waiver on the indictment for lack of subject matter jurisdiction and personal jurisdiction on the nunc pro tunc entry" along with an "affidavit of truth." The trial court dismissed said petition on June 24, 2016.

**{¶17}** In addition, on July 12, 2016, the trial court, apparently seeking compliance with the judgment entry requirements of Crim.R. 32(C), issued an "amended termination entry," again terminating appellant's post-release control on the aggravated robbery count, just as in its amended termination order of July 17, 2014, finding appellant had completed his seven-year sentence for said offense.

**{¶18}** On July 22, 2016, appellant filed a *pro se* notice of appeal as of the June 24, 2016 dismissal of his petition to set aside. On September 22, 2016, with leave of court, appellant filed a second or amended *pro se* notice of appeal, in regard to the July 12, 2016 amended termination entry. He herein raises the following four Assignments of Error:[1]

**{¶19}** "I. THE APPELLANTS [SIC] ARRIAGNMENT [SIC] PLEA OF GUILTY WAS PREJUDICED AND A VIOLATION OF OF [SIC] THE DUE PROCESS RIGHTS AND RIGHTS TO HAVE COUNSEL PRESENT AT THE CRITICAL STAGE OF THE ARRAIGNMENT PROCEEDING HOWEVER COUNSEL NEVER SHOWED UP AND THE APPELLANT WAS WITHOUT COUNSEL EVEN THOUGH COUNSEL WAS

---

[1] As noted in *McCain II*, ¶ 10, appellant's assigned errors are again not well-articulated and are difficult to clarify. We further note appellant's brief is replete with unreferenced factual assertions outside the record, in violation of App.R. 16(A)(6).

APPOINTED ON MAY 24, 2004, THE DAY BEFORE THE ARRAIGNMENT ON MAY 25, 2004, AND THE TRIAL COURT ABUSED ITS DISCRETION FOR FAILING TO ADDRESS THE ISSUE AS TO WHY CAOUNSEL [SIC] WAS NOT NOT [SIC] PRESENT AFTER BEING APPOINTED.

**{¶20}** "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE POST-CONVICTION RELIEF DUE TO THE SENTENCE FROM THE ARRAIGNMENT BEING DELAYED, AND THE SENTENCE FROM THE UNKOWING [SIC] AND INVOLUNTARY SECOND PLEA OF GUILTY BEING VOID, AND CNOTRARY [SIC] TO LAW WHERE COUNSEL WAS INEFFECTIVE IN HIS ASSISTANCE TO THE LEVEL OF THE 6TH AMENDMENT AND 5TH AND 14TH AMENDMENT DUE PROCESS, AND OHIO ARTICLE I, SECTION 10 & 16 THAT UPHOLD A 13TH AMENDMENT LIBERTY INTREST [SIC] VIOLATION AND APPEAL OF RIGHT VIOLATION.

**{¶21}** "III. THE TIAL [SIC] COURT AND APPOINTED COUSNEL [SIC] VIOLATED THE APPELLANT'S CRIMINAL RULE 32(B) AND CRIMINAL RULE 11(C), AND CONSTITUTIONAL RIGHT TO THE UNTIED [SIC] STATAES [SIC] 6TH, AND 14TH AMENDMENT, AND OHIO ARTICAL [SIC] I, SECTION 10 AND 16, IN VIOLATION OF HIS DUE PROCESS RIGHTS TO APPEAL AND HAVE EFFECTIVE ASSISTANCE OF COUNSEL AT EVERY CRITICAL STATGE [SIC] OF THE PORCEEDINGS [SIC].

**{¶22}** "IV. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT NUNC PRO TUNC [SIC] THE ORIGINAL 2004 TERMINATION ENTRY ON JULY 17, 2014, WITHOUT HOLDING A DE NOVO HEARING, FAILING TO SIGN THE AMENDED ENTRY, OMITTING THE FELONY MURDER, CHANGING FUNDAMENTAL RIGHTS THEN AMENDING NUNC PRO TUNC ON JULY 12, 2016, AFTER ABOLISHING THE

JULY 17, 2014, ENTRY REIMPOSING THE COUNT ONE MURDER AND ADDING SENCTIONS [SIC] THAT WAS NEVER IMPOSED IN THE ORIGINAL, OR FIRST AMENDED ENTRIES, AS WELL AS RE-IMPOSED THE COUNT ONE MUDER [SIC] IN VIOLATION OF CRIM.R. 32, AND 5TH AND 14 U.S. CONSTITUTIONAL DUE PROCESS RIGHTS, AND OHIO ART, [SIC] I SECTION 10 & 16 CONSTITUTIONAL RIGHTS THE ORIGIANL [SIC] ENTRY HAD NEVRE [SIC] BEEN DECLARED VOID, AND DOES RELATE TO THE ORIGINAL CONVICTION, IN WHICH RES JUDICATA CAN NOT BAR."

I.

{¶23} In his First Assignment of Error, appellant chiefly contends that (1) he was not afforded effective assistance of trial counsel in 2004, and (2) the trial court at that time erroneously failed to follow proper plea procedures.

{¶24} Appellant appears to suggest that his 2016 "petition to set aside" should be treated both as a motion to withdraw plea and as a petition for post-conviction relief. *See* Appellant's Brief at 13.

{¶25} Assuming it is the former, this Court has recognized that if a Crim.R. 32.1 motion to withdraw plea asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion, *res judicata* applies and the second Crim.R. 32.1 motion will be denied. *State v. Fannon*, 2nd Dist. Montgomery No. 25957, 2014-Ohio-2673, ¶ 11, quoting *State v. Brown,* 8th Dist. Cuyahoga No. 84322, 2004–Ohio–6421, ¶ 7 (additional citations omitted). Based on our present review and an analysis of *McCain I* and *McCain II*, we find the trial court could have properly denied appellant's petition to set aside on grounds of *res judicata*.

**{¶26}** Assuming appellant's motion is a petition for post-conviction relief (as the trial court read it), R.C. 2953.23(A)(1)(a) states that a defendant may not file an untimely or successive petition for post-conviction relief unless (1) he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his situation and the petition asserts a claim based on that right. The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty. *See* R.C. 2953.23(A)(1)(b); *State v. Barker*, 2nd Dist. Montgomery No. 27252, 2017-Ohio-6994, ¶ 13. Appellant herein at minimum has failed to persuasively articulate in what manner he was unavoidably prevented from discovering his present issues with the 2004 plea proceedings. As such, we find the trial court did not err in dismissing his petition to set aside.

**{¶27}** Accordingly, appellant's First Assignment of Error is overruled.

II.

**{¶28}** In his Second Assignment of Error, appellant further contends the trial court erred in denying his 2016 petition to set aside. We disagree.

**{¶29}** As best as we can ascertain, appellant maintains that he may continue to challenge his conviction under the theory that he has never been properly sentenced, relying upon the void sentence doctrine as it relates to the imposition of post-release control on his felony murder count.[2]

---

[2] In his reply brief, appellant also attempts to develop an argument in this vein that his 2004 sentencing entry was incomplete pursuant to *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. However, we note that in *State v. Lester*, 130 Ohio

**{¶30}** This Court has indeed recognized a void sentence is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack. *State v. Parson,* 2nd Dist. Montgomery No. 24641, 2012–Ohio–730, ¶ 8, quoting *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 233, at paragraph one of the syllabus (internal quotations omitted). However, an error in post-release control notification does not result in an entirely void sentence. *See State v. Wooden*, 9th Dist. Summit No. 25607, 2011-Ohio-4942, ¶ 16.

**{¶31}** Moreover, the law of the case doctrine provides a decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *U.S. Bank v. Detweiler,* 5th Dist. Stark No. 2011 CA00095, 2012–Ohio–73, ¶ 26, citing *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 462 N.E.2d 410.

**{¶32}** In *McCain II*, this Court specifically found that "[i]t is undisputed that the trial court incorrectly advised McCain at the plea hearing that he was subject to a period of post-release control for his felony murder charge." *Id.* at ¶ 21. This Court further stated: "As a result of the trial court's misstatement regarding post-release control, McCain claims his guilty plea was not knowingly, intelligently, and voluntarily made, thus rendering his plea invalid *and his conviction and sentence void*." *Id.* at ¶ 22. Appellant's claim in this regard was thus effectively rejected via this Court's affirmance in *McCain II*. Appellant also unsuccessfully raised the voidness doctrine in his 2015 "petition for re-sentencing

St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, the Ohio Supreme Court held that "[a] nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken." *Id.*, at paragraph two of the syllabus.

based on void waiver and judgment," and he filed no appeal of said decision. Under these circumstances, we find *Fischer* does not countenance appellant raising his "void sentence" claim *ad infinitum*, and the trial court therefore did not err in rejecting his petition to set aside on this basis.

**{¶33}** Appellant's Second Assignment of Error is overruled.

III.

**{¶34}** In his Third Assignment of Error, appellant apparently reiterates his contention that he was deprived of the effective assistance of trial counsel in 2004.

**{¶35}** "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Howard*, 2nd Dist. Montgomery No. 26069, 2014-Ohio-4602, ¶ 9, quoting *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. In addition, *res judicata* applies to bar raising piecemeal claims in successive post-conviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first post-conviction relief petition or motion to withdraw a guilty plea. *State v. Godfrey*, 5th Dist. Licking No. 14 CA 39, 2014-Ohio-4720, ¶ 23, quoting *State v. Kent,* 4th Dist. Jackson No. 02CA21, 2003–Ohio–6156, ¶ 6.

**{¶36}** Upon review, we find appellant's claims regarding ineffective assistance of trial counsel were properly denied under the doctrine of *res judicata*.

**{¶37}** Accordingly, appellant's Third Assignment of Error is overruled.

IV.

**{¶38}** In his Fourth Assignment of Error, appellant challenges the trial court's decision to issue an amended termination entry on July 12, 2016, having previously amended the sentencing entry in 2014.

**{¶39}** As an initial matter, we note appellant appears to again advance his claim that there has never been a final order of conviction and sentence in his case. *See* Appellant's Brief at 34, 35. However, the Ohio Supreme Court has clearly held that even if post-release control aspects of a sentence are found to be void, *res judicata* applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. *See Fischer,* at paragraph three of the syllabus. We therefore reject appellant's attempt to overturn the amended termination entry on his theory that his conviction was never finalized. In addition, " '[i]t is an elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him." *In re A.L.*, 2nd Dist. Montgomery No. 25740, 2014-Ohio-46, ¶ 14, quoting *Smith v. Flesher,* 12 Ohio St.2d 107, 110, 233 N.E.2d 137 (1967). As the State aptly responds in its appellee's brief, appellant is unclear as to why the trial court's remedy of removing the potential that he face post-release control on the aggravated robbery count following any future release from prison resulted in prejudicial error. Finally, appellant does not clearly expound upon the claimed imposition of additional sanctions as he asserts in the text of his assigned error.

**{¶40}** Accordingly, appellant's Fourth Assignment of Error is overruled.

**{¶41}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Montgomery County, Ohio, is affirmed.

By: Wise, John, J.

Delaney, P. J., and

Baldwin, J., concur.

_____

HON. JOHN W. WISE

_____

HON. PATRICIA A. DELANEY

_____

HON. CRAIG R. BALDWIN

JWW/d 0801