[Cite as *State v. Baker*, 2017-Ohio-8602.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27596 |
| | : | |
| v. | : | T.C. NO. 11-CR-4317/2 |
| | : | |
| LARRY BAKER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

# **O P I N I O N**

Rendered on the 17th day of November, 2017.

. . . . . . . . . .

SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

LARRY BAKER, Inmate No. 686670, Warren Correctional Institute, P. O. Box 120, Lebanon, Ohio 45036
    Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Larry Baker, pro se, appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled his "motion for newly discovered evidence" and, in the alternative, his "motion pursuant to Crim.R. 52(B)." For the following reasons, the trial court's judgment will be affirmed.

## I. Background and Procedural History

{¶ 2} Baker's offenses stemmed from a robbery and shooting at the Cash and Go pawn shop on December 22, 2011. Baker and two accomplices, Darren Taylor and Anthony Dewayne McClain, were alleged to have driven to the pawn shop from Detroit that morning and to have robbed the shop and shot its employee, Ilya Golub. Golub returned fire, striking McClain, but the three perpetrators managed to flee and returned to Detroit. Golub and McClain died from their gunshot wounds.

{¶ 3} In June 2013, a jury found Baker guilty of four counts of murder, one count of aggravated robbery, and one count of felonious assault, each with a firearm specification. After merging several offenses and specifications, the trial court sentenced Baker to two consecutive terms of 15 years to life on each of two counts of murder (Counts 1 and 5) and to three additional years on each of the firearm specifications for those counts. Baker's aggregate sentence was 36 years to life in prison, plus restitution, extradition costs, and court costs. We affirmed his conviction on direct appeal. *State v. Baker*, 2d Dist. Montgomery No. 25828, 2014-Ohio-3163.

{¶ 4} On February 19, 2014, Baker filed a petition for post-conviction relief. He alleged that his trial counsel had rendered ineffective assistance by (1) not calling one of the other perpetrators of the crime, Darren Taylor, as a witness to "clear [Baker] of any

wrongdoing," and (2) failing to present evidence that Baker had called the police "to report the incident" when he got back to Detroit. According to Baker, this evidence would have supported his position that, if he were "guilty of anything, it's being guilty by association," or being with the wrong people at the wrong time. The State filed an answer to the petition and a motion for summary judgment. The trial court denied Baker's petition and granted the State's motion for summary judgment without a hearing. We affirmed the trial court's ruling. *State v. Baker*, 2d Dist. Montgomery No. 26252, 2015-Ohio-338.

{¶ 5} On February 21, 2017, Baker filed a "motion for newly discovered evidence and in alternative motion pursuant to Criminal R.52(B) [plain error]." Baker alleged that, sometime prior to trial, the prosecutor's office made a plea offer that the State would recommend a sentence between 20 and 24 years in exchange for a guilty plea. Baker's motion further alleged that his "counsel reported this plea deal to the affiants, but not to the Defendant. Defendant was always informed that it would be fruitless to seek plea negotiations because counsel was sure that with the evidence that Defendant would be vindicated on some of the charges." Baker claimed that, but for counsel's actions, he would have accepted the plea offer, and he sought reinstatement of the offer.

{¶ 6} Baker supported his motion with a verified copy of a letter from his mother, which stated:

November 22, 2016

To Whom It May Concern,

I contacted the lawyer in the year 2013, during the time my son, Larry Baker, Jr. was going to trial and I asked the lawyer, "What was going on with the case[,"] and he said, ["]I don't know why he didn't take the eighteen (18)

years offered."

I am writing to have my son['s] case reviewed.

Thank you,

[Signature and printed name]

Baker did not submit his own affidavit or an affidavit from his trial counsel, and he did not cite to any portion of the record.

{¶ 7} The State opposed Baker's motion, arguing that the motion constituted a petition for post-conviction relief based on newly discovered evidence, and that the petition was untimely. The State further argued that the petition should be denied on the merits, because no plea offer was made to Baker and Baker did not support his petition with any reliable evidence.

{¶ 8} On April 20, 2017, the trial court denied Baker's motion. It reasoned:

Defendant does not support his Motion with any tangible evidence that he was unavoidably prevented from learning about plea negotiations in 2013. Defendant also has also [sic] previous exercised his rights to appeal his conviction and could have raised any claim against his defense attorney at that time. Issues raised on direct appeal or that could have been raised on appeal are barred by the doctrine of res judicata from being raised in a petition for post-conviction relief. All of the claims of the Defendant fall within the category of issues that could have been raised in his previous appeals. The only evidence Defendant submits to the Court in support of his Motion is an affidavit from his mother, which is hearsay at best. Defendant proffered neither a transcript from final pretrial in relation to plea

negotiations, nor an affidavit from defense counsel supporting Defendant's proposition.

**{¶ 9}** Baker appeals from the trial court's April 20, 2017 judgment. His sole assignment of error claims that his counsel "was ineffective for not investigating the plea offer by the State."

## II. Post-Conviction Relief (Ineffective Assistance)

**{¶ 10}** Baker's "motion for newly discovered evidence" sought to modify his sentence due to a violation of a constitutional right, namely his Sixth Amendment right to the effective assistance counsel. Although couched as a motion, Baker's request is more properly construed as a petition for post-conviction relief.

**{¶ 11}** Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights (federal or Ohio) may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A). A post-conviction proceeding is not an appeal of a criminal conviction; it is a collateral civil attack on the judgment. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); R.C. 2953.21(K). For this reason, a defendant's petition for post-conviction relief is not a constitutional right; the only rights afforded to a defendant in post-conviction proceedings are those specifically granted by the legislature. *Steffen*, 70 Ohio St.3d at 410.

**{¶ 12}** When a direct appeal of the judgment of conviction has been taken (as in Baker's case), a petition for post-conviction relief must be filed no later than 365 days

"after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). Trial courts lack jurisdiction to consider an untimely or successive petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A). *State v. Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, ¶ 16.

{¶ 13} Pursuant to R.C. 2953.23(A)(1)(a), a defendant may not file an untimely or successive petition for post-conviction relief unless (1) the defendant was unavoidably prevented from discovering the facts upon which he or she relies to present the claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his or her situation and the petition asserts a claim based on that right. The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 14} Baker filed his "motion for newly discovered evidence" on February 21, 2017, approximately 3½ years after his trial transcripts were filed in his direct appeal. Baker does not claim that he was unavoidably prevented from discovering the facts underlying his ineffective assistance claim, nor does he rely on a new federal or state right. Stated simply, Baker has not established that the untimeliness of his petition should be excused under R.C. 2953.23(A). The trial court properly overruled his motion on that basis.

{¶ 15} Even if we were to consider the merits of Baker's motion, we would agree with the trial court that Baker has not established that his trial attorney rendered ineffective assistance during plea bargaining. To establish the ineffective assistance of counsel, a

defendant must demonstrate that counsel's performance was deficient and fell below an objective standard of reasonable representation, and that the defendant was prejudiced by counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

**{¶ 16}** Baker's appellate brief includes a detailed discussion of a defendant's Sixth Amendment right to the effective assistance of counsel during the plea-bargaining process, and we agree with many of Baker's general statements of the law. *See, e.g., Lafler v. Cooper*, 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). However, Baker has provided no evidence that he was offered the plea deal he alleges (in exchange for a guilty plea, he would serve no less than 20 years, but no more than 24 years in prison), nor has he provided evidence that he would have accepted any such plea offer. (The State asserts that it made no plea offers, but the State has provided no evidence to support that claim.) The sole evidence before us -- the letter from Baker's mother -- indicates that the State made a plea offer of 18 years in prison, but the letter further indicates that the offer was conveyed to Baker and was rejected by Baker against the advice of counsel. Accordingly, even if we were to consider the merits of Baker's ineffective assistance of counsel claim, his evidence (the letter) does not demonstrate that his trial counsel acted deficiently during the plea bargaining process.

**{¶ 17}** Baker's assignment of error is overruled.

### III. Conclusion

**{¶ 18}** The trial court's judgment will be affirmed.

. . . . . . . . . . . .

HALL, P.J. and DONOVAN, J., concur.

Copies mailed to:

Sarah E. Hutnik
Larry Baker
Hon. Dennis J. Adkins