**[Cite as *State v. Sage*, 2020-Ohio-3575.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28519 |
| | : | |
| v. | : | Trial Court Case No. 2004-CR-1574 |
| | : | |
| GORDON WILLIAM SAGE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of July, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

GORDON WILLIAM SAGE, Inmate No. 458-271, Warren Correctional Institution, P.O. Box 120, Lebanon, Ohio 45036
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Gordon William Sage, appeals pro se from a judgment of the Montgomery County Court of Common Pleas overruling his "Motion to Terminate April 11, 2005 Contract Plea Agreement." In his motion, Sage requested that the trial court vacate his guilty plea due to the trial court's allegedly violating Crim.R. 11(C)(2)(c) at his plea hearing. We will affirm the trial court's decision overruling Sage's motion because: (1) Sage's motion was an untimely petition for post-conviction relief that the trial court lacked jurisdiction to consider; (2) the claim raised in Sage's motion was barred by the doctrine of res judicata; and (3) Sage failed to file a transcript of his plea hearing, which requires this court to presume the regularity of that proceeding, i.e., that the trial court complied with Crim.R. 11(C)(2)(c).

## Facts and Course of Proceedings

{¶ 2} On September 1, 2004, a Montgomery County grand jury indicted Sage on two counts of aggravated murder, one count of aggravated burglary, one count of aggravated robbery, and one count of having weapons while under disability. The aggravated murder, aggravated robbery, and aggravated burglary charges each included a firearm specification. On April 11, 2005, Sage pled guilty to all of the indicted charges in exchange for the State dismissing the firearm specifications. The trial court accepted Sage's guilty plea and sentenced Sage to an aggregate term of life in prison plus five years. Sage then appealed from his conviction.

{¶ 3} On appeal, Sage argued that the trial court abused its discretion when it denied him a trial continuance. Sage also argued that the sentence imposed by the trial court was unlawful under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d

470. After reviewing the matter, this court concluded that Sage's right to appeal the trial court's decision denying him a trial continuance was waived by virtue of his guilty plea. In so holding, we noted that Sage "raised no claim that his plea was other than knowingly, intelligently, and voluntarily made." *State v. Sage*, 2d Dist. Montgomery No. 21097, 2007-Ohio-442, ¶ 6. We agreed, however, that Sage's sentence was unlawful under *Foster* and remanded Sage's case to the trial court for resentencing. *Id.* at ¶ 9-13.

{¶ 4} Prior to being resentenced on remand, Sage orally moved the trial court to withdraw his guilty plea. In support of his motion, Sage argued that he believed a jury would reach a verdict of not guilty and that he had been coerced into pleading guilty. *State v. Sage*, 2d Dist. Montgomery No. 22078, 2007-Ohio-6353, ¶ 6. The trial court treated Sage's motion as a post-sentence motion to withdraw his guilty plea. In doing so, the trial court found no manifest injustice warranting the withdrawal of Sage's guilty plea and overruled his motion. *Id.* at ¶ 6-8. Sage then appealed from that decision, and this court affirmed the judgment of the trial court. *Id.* at ¶ 12-17.

{¶ 5} Over a year later, on March 6, 2009, Sage filed a pro se "Petition to Vacate or Set Aside Sentence." In that motion, Sage argued that under *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, his indictment for aggravated robbery was defective because it failed to include the required mens rea element. The State filed a motion to dismiss the petition, which the trial court granted. The trial court dismissed Sage's petition upon finding that the petition was untimely filed. The trial court also found that the claim raised in the petition had been waived by virtue of Sage's entering a guilty plea. The trial court additionally found that *Colon* did not apply to Sage's case. Sage did not appeal from the trial court's order dismissing his petition.

{¶ 6} Three years later, on June 14, 2012, Sage filed a pro se "Motion for Rescission of Contractual Agreement." In that motion, Sage argued that his plea agreement was void because it included post-release control, not parole, for the aggravated murder charges. Sage also argued that his plea agreement was void because it stated that he was subject to "up to" five years of post-release control for the aggravated robbery and aggravated burglary charges and "up to" three years of post-release control for having weapons while under disability. The trial court construed Sage's motion as a petition for post-conviction relief and overruled it as untimely. The trial court also found that the arguments raised in the motion were barred by the doctrine of res judicata because they could have been raised on direct appeal. Sage appealed from the trial court's order, and this court affirmed. *State v. Sage*, 2d Dist. Montgomery No. 25453, 2013-Ohio-3048.

{¶ 7} Seven years later, on June 25, 2019, Sage filed a pro se "Motion to Terminate April 11, 2005 Contract Plea Agreement." In that motion, Sage requested that his guilty plea be vacated due to the trial court's allegedly failing to inform him of the constitutional rights he was waiving by pleading guilty as required by Crim.R. 11(C)(2)(c). Sage attached two transcripts to his motion, neither of which were of his plea hearing. The trial court treated Sage's motion as a petition for post-conviction relief and overruled it as untimely. The trial court also overruled Sage's motion on the ground that the Crim.R. 11(C)(2)(c) claim asserted therein was barred by res judicata.

{¶ 8} Sage now appeals from the trial court's order overruling his "Motion to Terminate April 11, 2005 Contract Plea Agreement." In support of his appeal, Sage raised two assignments of error for review. For purposes of clarity, we will address

Sage's two assignments of error together.

## First and Second Assignments of Error

{¶ 9} Under his first assignment of error, Sage contends that the trial court erred by overruling his "Motion to Terminate April 11, 2005 Contract Plea Agreement" on the basis of res judicata. Under his second assignment, Sage contends that the trial court erred by violating Crim.R. 11(C)(2)(c) at his plea hearing and by failing to grant the motion at issue on that basis. Both of Sage's claims fail for multiple reasons.

### 1. The motion at issue is an untimely petition for post-conviction relief that the trial court lacked jurisdiction to consider.

{¶ 10} Despite its caption, Sage's "Motion to Terminate April 11, 2005 Contract Plea Agreement" was actually a petition for post-conviction relief. "When a motion is filed subsequent to a direct appeal * * *, claims the denial of constitutional rights, seeks to render the judgment of conviction void, and asks for vacation of the judgment and sentence, the motion is properly construed as a petition for post[-]conviction relief." *State v. Housley*, 2d Dist. Miami No. 2019-CA-12, 2020-Ohio-1143, ¶ 15, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). (Other citation omitted.) Here, the motion at issue was filed subsequent to Sage's direct appeal and it raised a constitutional claim concerning the validity of Sage's guilty plea. The motion also sought to have Sage's guilty plea vacated, which would render Sage's judgment of conviction void and necessitate the vacation of his conviction. Therefore, Sage's motion contained all the elements of a petition for post-conviction relief and was properly treated as such

by the trial court.

{¶ 11} When, as in this case, a direct appeal of the judgment of conviction has been taken, a petition for post-conviction relief must be filed no later than 365 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.]" R.C. 2953.21(A)(2). Trial courts lack jurisdiction to consider an untimely petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A). *State v. Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, ¶ 16.

{¶ 12} "Pursuant to R.C. 2953.23(A)(1)(a), a defendant may not file an untimely or successive petition for post-conviction relief unless (1) the defendant was unavoidably prevented from discovering the facts upon which he or she relies to present the claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his or her situation and the petition asserts a claim based on that right." *State v. Baker*, 2d Dist. Montgomery No. 27596, 2017-Ohio-8602, ¶ 13. "The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty." *Id.*, citing R.C. 2953.23(A)(1)(b).

{¶ 13} In this case, Sage's motion was clearly untimely because it was filed over 12 years after the trial transcript was filed with this court in Sage's direct appeal. At no point in time has Sage argued that the untimeliness of his motion was excused under R.C. 2953.23(A). Even if Sage had made such an argument, it would have failed; the record indicates that Sage was not unavoidably prevented from discovering the facts underlying the Crim.R. 11(C)(2)(c) claim in his motion, as those facts would have been

apparent from the record of Sage's plea hearing. The Crim.R. 11(C)(2)(c) claim is also not based on any new federal or state right. Therefore, because the untimeliness of Sage's motion was not excused under R.C. 2953.23(A), the trial court lacked jurisdiction to consider it and properly overruled it on that basis.

### 2. Sage's Crim.R. 11(C)(2)(c) claim was barred by res judicata.

{¶ 14} Sage's "Motion to Terminate April 11, 2005 Contract Plea Agreement" was not only untimely, but it also raised a claim that was barred by the doctrine of res judicata. Res judicata "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. In other words, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." (Citations omitted.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶ 15} As noted above, Sage's motion was properly considered a petition for post-conviction relief. " 'When a petitioner seeks post[-]conviction relief on an issue that was raised or could have been raised on direct appeal, the petition is properly denied by the application of the doctrine of res judicata.' " *State v. Dixon*, 2d Dist. Montgomery No. 27991, 2019-Ohio-230, ¶ 17, quoting *State v. Jennison*, 5th Dist. Coshocton No. 2015-CA-0003, 2015-Ohio-3204, ¶ 9, citing *State v. Tucker*, 8th Dist. Cuyahoga No. 84595, 2005-Ohio-109, ¶ 11. (Other citation omitted.) Res judicata also "applies to bar raising piecemeal claims in successive post-conviction relief petitions or motions to withdraw a

guilty plea that could have been raised, but were not, in the first post-conviction relief petition or motion to withdraw a guilty plea." (Citations omitted.) *State v. McCain*, 2d Dist. Montgomery No. 27195, 2017-Ohio-7518, ¶ 35. *Accord State v. Becraft*, 2d Dist. Clark No. 2018-CA-96, 2019-Ohio-2348, ¶ 15.

{¶ 16} In this case, the claim raised in Sage's motion—that the trial court failed to comply with Crim.R. 11(C)(2)(c)—would have been apparent from the record of his plea hearing. As a result, Sage could have raised the claim in the direct appeal from his conviction. Sage failed to do so. Sage also failed to raise the Crim.R. 11(C)(2)(c) claim when he orally moved to withdraw his guilty plea at his resentencing hearing in 2007. Sage further failed to raise the claim in his March 6, 2009 "Petition to Vacate or Set Aside Sentence" and in his June 14, 2012 "Motion for Rescission of Contractual Agreement." Therefore, because Sage did not raise the Crim.R. 11(C)(2)(c) claim on direct appeal or in any of his prior motions and petitions, res judicata barred him from doing so, as Sage cannot be permitted to file successive petitions endlessly. *See Dixon* at ¶ 18.

{¶ 17} Furthermore, because Sage maintains that the motion at issue was a motion to withdraw his guilty plea as opposed to a petition for post-conviction relief, we note that res judicata also bars "the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." (Citations omitted.) *Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, at ¶ 59. As previously noted, res judicata also bars raising piecemeal claims in successive motions to withdraw a guilty plea that could have been raised, but were not, in the first motion to withdraw a guilty plea. *McCain*, 2d Dist. Montgomery No. 27195, 2017-Ohio-7518, at ¶ 35. Therefore, regardless of how Sage's motion is construed, the trial court correctly

overruled the motion on the basis of res judicata, since it is clear that the Crim.R. 11(C)(2)(c) claim could have been raised on direct appeal or in Sage's 2007 motion to withdraw his guilty plea.

### 3. Sage failed to file a transcript of the plea hearing.

{¶ 18} Even if Sage's Crim.R. 11(C)(2)(c) claim had been properly raised in his "Motion to Terminate April 11, 2005 Contract Plea Agreement," we would still agree with the trial court's decision to overrule the motion, because Sage failed to file a transcript of the plea hearing as required by App.R. 9(B). "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). " 'When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.' " *City of Kettering v. Fritz*, 2d Dist. Montgomery No. 28319, 2019-Ohio-3388, ¶ 8, quoting *Knapp* at 199. *Accord State v. White*, 2018-Ohio-2573, 115 N.E.3d 878, ¶ 12 (2d Dist.).

{¶ 19} As previously discussed, Sage argued in his motion that his guilty plea should be vacated because the trial court violated Crim.R. 11(C)(2)(c) at his plea hearing by failing to explain the constitutional rights he was waiving by pleading guilty. Indeed, when a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty, we presume that the plea was entered involuntarily and unknowingly, and

the enforcement of the plea is rendered unconstitutional as a result. *State v. Dangler*, Ohio Slip Opinion No. 2020-Ohio-2765, __ N.E.3d __, ¶ 10 and 14. However, without a transcript of Sage's plea hearing, we are required to presume the regularity of that proceeding. In other words, we must presume that the trial court complied with Crim.R. 11(C)(2)(c) and advised Sage of all the constitutional rights he was waiving before he entered his guilty plea.

{¶ 20} For all the foregoing reasons, Sage's first and second assignments of error are overruled.

## Conclusion

{¶ 21} Having overruled both assignments of error raised by Sage, the judgment of the trial court overruling Sage's "Motion to Terminate April 11, 2005 Contract Plea Agreement" is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and FROELICH, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Gordon William Sage
Hon. Dennis J. Adkins