[Cite as *State v. Heid*, 2016-Ohio-2756.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA3710 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| RAY SCOTT HEID, | : | **RELEASED: 4/26/2016** |
| Defendant-Appellant. | : | |

APPEARANCES:

Ray S. Heid, Chillicothe, OH, pro se appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, Portsmouth, OH, for appellee.

Harsha, J.

{¶1}   After Ray S. Heid pleaded guilty to murder and the trial court sentenced him to prison, he filed several unsuccessful motions to withdraw his guilty plea, claiming that his trial counsel was ineffective and coerced him into pleading guilty by incorrectly advising him he had no reasonable chance to obtain a verdict on a reduced charge of manslaughter. Almost seven years later Heid filed an untimely pro se petition for post-conviction relief, again making the same claims of effective assistance of counsel. The trial court summarily denied the petition. On appeal Heid argues that the trial court erred by dismissing his petition for post-conviction relief without affording him an evidentiary hearing and that the substantive grounds for relief set forth in his petition warrant reversal and remand for a proper post-conviction process.

{¶2}   We reject Heid's argument because he failed to demonstrate the facts necessary to enable the trial court to address the merits of his untimely petition.

Moreover, res judicata bars his claims because he either raised or could have raised them in one of his prior postsentence motions.

{¶3} We overrule Heid's assignments of error and affirm the judgment of the trial court denying his petition without a hearing.

## I. FACTS

{¶4} The Scioto County Grand Jury returned an indictment charging Heid with one count of aggravated murder with a firearm specification and other related felonies. However, the indictment did not include a death-penalty specification. Heid, who was represented by appointed counsel, entered a plea of guilty to murder and a firearm specification. In May 2008, the trial court sentenced Heid to an aggregate prison term of 18 years to life. Heid did not timely appeal his conviction and sentence.

{¶5} In February 2010, Heid filed a pro se postsentence motion to withdraw his guilty plea. Heid claimed that his trial counsel was ineffective because his attorney mistakenly advised him to plead guilty to murder even though his actions at the time of the offense established that the killing was the product of sudden passion or rage brought about by serious provocation by the victim. Shortly thereafter, the trial court denied the motion.

{¶6} Over four years later, in November 2014, Heid filed another unsuccessful pro se motion to withdraw his guilty plea based on his same claim of ineffective assistance of counsel.

{¶7} Subsequently, in March 2015, Heid filed a petition for post-conviction relief. In an affidavit Heid again claimed that his trial counsel provided ineffective assistance by misrepresenting that manslaughter was not a viable option. Heid

continued to contend that when he arrived at his uncle's residence he heard his uncle and his girlfriend engaged in sexual intercourse, which induced an "extreme emotional state of anger" that led to the killing. Heid further claimed, as he did in prior post-conviction motions, that his trial counsel allowed him to speak to a friend, Tom Starr, who advised him to listen to his attorney and take the deal. Heid claimed that the petition, which he filed nearly seven years after his conviction and sentence, was timely because he did not obtain the unsworn letter from Starr until September 2014. He attached a copy of the letter to his petition.

**{¶8}** Heid later filed a "reply memorandum in support of his petition" even though the state had not yet responded to his petition. In the memorandum Heid requested that the trial court take judicial notice of certain rules of court and additional evidence. Heid also attempted to raise a new claim that his constitutional due process and state procedural rights were violated because the trial court had not appointed two counsel to represent him during his original criminal proceeding. He attached affidavits of three criminal defendants who stated that they each were appointed two attorneys when they faced death-penalty charges. Heid attached a police investigative report that included his confession to the crime.

**{¶9}** After the state filed a memorandum in opposition that asserted the petition was untimely, lacking in merit, and barred by res judicata, the trial court entered a judgment denying Heid's petition. This appeal ensued.

## II. ASSIGNMENTS OF ERROR

**{¶10}** Heid assigns the following errors for our review:

I. THE TRIAL COURT ERRED BY DISMISSING HEID'S POST-CONVICTION PETITION, WHERE HE PRESENTED SUFFICIENT

OPERATIVE FACTS AND SUPPORTING EXHIBITS TO MERIT AN EVIDENTIARY HEARING.

II. CONSIDERED TOGETHER, THE CUMULATIVE ERRORS SET FORTH IN APPELLANT'S SUBSTANTIVE GROUNDS FOR RELIEF MERIT REVERSAL OR REMAND FOR A PROPER POST-CONVICTION PROCESS.

### III. STANDARD OF REVIEW

{¶11} The post-conviction relief process is a collateral civil attack on a criminal judgment rather than an appeal of the judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). Post-conviction relief is not a constitutional right; instead, it is a narrow remedy that gives the petitioner no more rights than those granted by statute. *Id.* It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record. *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 18.

{¶12} "[A] trial court's decision granting or denying a postconviction relief petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *In re H. V.*, 138 Ohio St.3d 408, 2014-Ohio-812, 7 N.E.3d 1173, ¶ 8.

{¶13} A criminal defendant seeking to challenge a conviction through a petition for post-conviction relief is not automatically entitled to an evidentiary hearing. *Calhoun*, 86 Ohio St.3d at 282, citing *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982). Before granting an evidentiary hearing, the trial court must consider the petition,

supporting affidavits, documentary evidence, files and records including the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript, to determine whether there are substantive grounds for relief.  R.C. 2953.21(C).  If the court concludes that petitioner has failed to set forth operative facts to establish substantive grounds for relief, no hearing is necessary.  *See Calhoun*, 86 Ohio St.3d 279, at paragraph two of the syllabus; *see also State v. Slagle*, 4th Dist. Highland No. 11CA22, 2012-Ohio-1936, ¶ 14, quoting *State v. Bradford*, 4th Dist. Ross No. 08CA3053, 2009-Ohio-1864, ¶ 10.

## IV. LAW AND ANALYSIS

{¶14}  Heid challenges the trial court's denial of his petition for post-conviction relief without holding an evidentiary hearing.

{¶15}  The trial court determined that Heid's petition was untimely and that he failed to establish that that he met the statutory requirements for the court to address the merits of his petition.  R.C. 2953.21(A)(2) provides that a petition for post-conviction relief must be filed "no later than three hundred sixty-five days after the expiration of the time for filing the appeal."  Heid's petition for post-conviction relief was filed almost seven years after the expiration of the time for filing an appeal from his 2008 conviction. Thus his petition was clearly untimely.

{¶16}  R.C. 2953.23(A) authorizes a trial court to address the merits of an untimely filed petition for post-conviction relief only if:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an

earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶17} Heid claims that his petition was reviewable because he was unavoidably prevented from the discovery of the unsworn letter purportedly sent to him by Tom Starr in September 2014. We reject this argument. Nothing in the letter or in Heid's affidavit explains how he was unavoidably prevented from obtaining this information from Starr until over six years after his conviction. Evidently, Starr is Heid's friend or acquaintance, but Heid provides no explanation why he waited so long after his conviction to obtain what he considers to be critical evidence supporting his claim that he was coerced into pleading guilty to murder. In addition, "[u]nsworn letters are not admissible and should not be considered as part of a petition for postconviction relief." *See State v. Wilson*, 8th Dist. Cuyahoga No. 98033, 2012-Ohio-4065, ¶ 8, citing *State v. Vincent*, 4th Dist. Ross No. 92CA1894, 1993 WL 19531, *5 (Jan. 28, 1993).

{¶18} Likewise, res judicata bars Heid from raising his claim of ineffective-assistance of his trial counsel in his petition for post-conviction relief after he repeatedly raised this claim in prior post-sentencing motions to withdraw his guilty plea. "[R]es judicata applies to proceedings involving postconviction relief." *See, e.g., State v. Burton*, 4th Dist. Gallia No. 13CA12, 2014-Ohio-2549, ¶ 17, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996). This normally applies to any issue that was raised or could have been raised on direct appeal. *Id.* at ¶ 17, citing *State v. Perry*, 10

Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Res judicata does not, however, apply only to direct appeals, but to all postconviction proceedings in which an issue was or could have been raised." *See State v. Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, ¶ 42 (8th Dist.); *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59 (res judicata bars the assertion of claims in a motion to withdraw a guilty plea that were, or could have been, raised in a prior proceeding).  " 'Res judicata applies to bar raising piecemeal claims in successive postconviction relief petitions that could have been raised, but were not, in the first postconviction relief petition or motion to withdraw a guilty plea.' " *State v. Godfrey*, 5th Dist. Licking No. 14 CA 39, 2014-Ohio-4720, ¶ 23, quoting *State v. Kent*, 4th Dist. Jackson No. 02CA21, 2003-Ohio-6156, ¶ 6.  Because Heid raised his ineffective-assistance-of-counsel claim as early as his 2010 motion to withdraw his guilty plea and in his subsequent 2014 motion to withdraw his guilty plea, res judicata bars him from raising the same claim or any other claim he could have raised in his first post-conviction proceeding.

{¶19}  Finally, on appeal Heid raises a claim that his due-process rights were violated because the trial court failed to appoint him two trial counsel in accordance with former Sup.R. 20, now Appt.Coun.R. 5.02. The trial court did not err by ignoring this claim because Heid's petition was untimely and he failed to raise it in his petition. Instead he raised it in a subsequent memorandum in which he requested that the trial court take judicial notice of the rule and the affidavits of three capital defendants in which they stated that they were appointed two trial attorneys in their criminal cases. Moreover, res judicata barred Heid from raising this claim when he could have raised it on appeal or in one of his many prior post-sentence motions.  And unlike the other

defendants, who were charged with capital offenses including death-penalty specifications under R.C. 2929.04(A) entitling them to representation from at least two attorneys under former Sup.R. 20 and current Appt.Coun.R. 5.02, Heid was not charged with any death-penalty specifications for his aggravated-murder charge. Thus, he was not entitled to be represented by two attorneys in his criminal proceeding. Heid's comparable kitchen-sink contention in his second assignment of error asserting cumulative constitutional errors is likewise meritless as being untimely and barred by res judicata.

## V. CONCLUSION

**{¶20}** The trial court did not abuse its considerable discretion by denying Heid's petition for post-conviction relief without an evidentiary hearing where the petition untimely and was barred by res judicata. We overrule Heid's assignments of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**