[Cite as *State v. Clark*, 2017-Ohio-120.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**DARKE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-26 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-288 |
| | : | |
| WILLIAM H. CLARK | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 13th day of January, 2017.

. . . . . . . . . .

R. KELLY ORMSBY, III, Atty. Reg. No. 0020615, Prosecuting Attorney, Darke County Prosecutor's Office, 504 South Broadway Street, Greenville, Ohio 45331
       Attorney for Plaintiff-Appellee

RICHARD L. KAPLAN, Atty. Reg. No. 0029406, P.O. Box 751192, Dayton, Ohio 45475
       Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-appellant, William H. Clark, appeals from the decision of the Darke County Court of Common Pleas dismissing his pro se motion for a new trial. In support of his appeal, Clark claims that the trial court erred in failing to recast and consider his Crim.R. 33 motion for new trial as a Crim.R. 32.1 motion to withdraw guilty plea given the fact that his conviction was based on an *Alford* plea of guilty and not a trial. Clark also contends that his motion and supporting affidavits warranted an evidentiary hearing, which he asks this court to order on remand. For the reasons outlined below, which are different than those argued by Clark, the judgment of the trial court will be reversed and remanded for further proceedings consistent with this opinion.

### Facts and Course of Proceedings

**{¶ 2}** On November 24, 2014, the Darke County Grand Jury returned an indictment charging Clark with 11 counts of rape of a person less than 13 years of age in violation of R.C. 2907.02(A)(1)(b). The charges stemmed from allegations that between July 2011 and August 2014, Clark sexually abused his minor stepchild.

**{¶ 3}** After the parties exchanged discovery materials, on February 13, 2015, Clark entered a plea agreement wherein the State agreed to dismiss six and amend five of the rape counts to sexual battery of a stepchild less than thirteen years of age in violation of R.C. 2907.03(A)(5),(B). In exchange, Clark agreed to enter an *Alford* plea of guilty to the five amended sexual battery counts. As part of the plea agreement, the parties also agreed to jointly recommend that Clark serve a mandatory, aggregate sentence of 25 years in prison, with five years of mandatory postrelease control to be served on each of

the sexual battery counts consecutively. It was also agreed that Clark would be designated a Tier III sex offender.

{¶ 4} At Clark's plea hearing, the trial court conducted a Crim.R. 11 plea colloquy and accepted Clark's *Alford* plea to the five counts of sexual battery after finding that his plea was knowingly, intelligently, and voluntarily entered. The trial court then immediately proceeded to sentencing, during which the court imposed the agreed-upon, mandatory sentence of 25 years in prison.

{¶ 5} On August 5, 2015, six months after entering his plea, Clark filed a pro se motion with the trial court captioned "Defendant's Motion for New Trial Pursuant to Criminal Rule 33(A)(6)." Despite never going to trial, Clark requested a new trial on grounds that he recently discovered the victim had admitted to his wife (the victim's mother) in November 2014, that the accusations against him were false. Clark claims that he became aware of this information through a July 7, 2015 correspondence from his wife. Clark also claims that the State's caseworker was made aware of the supposed false allegations in November 2014, but the "exculpatory" information provided to the caseworker was never disclosed to his defense counsel in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In the event that he was barred from relief under Crim.R. 33, Clark requested the trial court to review his motion for new trial as a petition for postconviction relief under R.C. 2953.21(A).

{¶ 6} Clark attached two affidavits in support of his motion. One of the affidavits was prepared by his wife, who averred that in the beginning of November 2014, the victim (her daughter) told her that it was not Clark who had abused her, but two of the victim's uncles. After the victim changed her story and accused Clark of being one of her

abusers, Clark's wife averred that she had called and advised the caseworker that the victim had changed her story. According to Clark's wife, the caseworker merely responded by saying "that might happen." Clark's wife also averred that on November 19, 2014, the victim told her that she had decided to accuse Clark of abuse so she could live with her biological father, and then moved in with her biological father on November 22, 2014.

{¶ 7} The second supporting affidavit was prepared by Clark himself. In his affidavit, Clark averred that he was innocent, the victim had made false allegations against him, and that the State was made aware of the false allegations, but failed to inform his trial counsel about them. He also generally averred that his plea was made under duress, and not "willfully, intelligently, or knowingly made, but coerced to avoid [an] enhanced penalty[.]"

{¶ 8} On October 19, 2015, the trial court issued a written decision dismissing Clark's motion without an evidentiary hearing. In dismissing the motion, the trial court held, in relevant part, that:

> [T]he Court disagrees with the Defendant's motion under Criminal Rule 33(A) for the reason that there was no trial wherein the alleged errors could have occurred. In this case the Defendant entered pleas of Guilty. In the absence of a trial, the provisions of Criminal Rule 33 are not available to the Defendant.

Judgment Entry—Defendant's Motion for a New Trial (Oct. 19, 2015), Darke County Common Pleas Court Case No. 14-CR-288, Docket No. 23, p. 2. The trial court did not discuss postconviction relief or the affidavits filed in support of Clark's *Brady* violation

claim.

{¶ 9} Clark now appeals from the trial court's decision dismissing his motion for new trial, raising one assignment of error for review.

**Assignment of Error**

{¶ 10} Clark's sole assignment of error is as follows:

THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. CLARK WHEN

IT DENIED HIS MOTION FOR A NEW TRIAL.

{¶ 11} Under his single assignment of error, Clark contends that since he entered an *Alford* plea of guilty as opposed to going to trial, the trial court erred by failing to recast and consider his pro se Crim.R. 33(A) motion for new trial as a Crim.R. 32.1 motion to withdraw guilty plea. Clark claims that this failure resulted in the trial court ignoring the *Brady* violation claim he raised in his motion and supporting affidavits. According to Clark, the information contained in his motion and affidavits warranted an evidentiary hearing, which he now requests this court order on remand.

{¶ 12} It is well-established that "irregular 'no name' motions must be categorized by a court in order for the court to know the criteria by which the motion should be judged." *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 10. *Accord State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 ("[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged"). Under certain circumstances, it is also appropriate for courts to recast motions that are unambiguously named and presented under a specific rule when said rule has no application to the judgment at issue. *See,*

*e.g., Schlee* (finding the trial court did not err in recasting a Civ.R. 60(B) motion filed in a criminal case as a petition for postconvicition relief given that Civ.R. 60(B) has no application to judgments in criminal cases and the motion could have been properly filed as a petition for postconviction relief under Crim.R. 35); *State v. Hamberg*, 2015-Ohio-5074, 53 N.E.3d 918, ¶ 10-12 (1st Dist) (finding the trial court should have recast defendant's Crim.R. 33 motion for new trial as a petition for postconviction relief because the motion was filed after the defendant's conviction, supported by evidence outside the record, and sought an order vacating his sentence based on an alleged violation of constitutional rights). However, some motions may not be recast by a trial court. *Schlee* at ¶ 13. For example, a court may not recast a Crim.R. 32.1 motion to withdraw guilty plea that is based on a constitutional violation as a R.C. 2953.21 petition for postconviciton relief since a Crim.R. 32.1 motion and postconviction relief petition "exist independently," i.e., invoke independent grounds for relief. *Id.* at ¶ 13, citing *Bush* at ¶ 13-14.

{¶ 13} In this case, Clark unambiguously captioned his motion as a "Motion for New Trial Pursuant to Criminal Rule 33(A)(6)." Since Clark entered an *Alford* plea of guilty, a Crim.R. 33 motion for new trial was clearly an improper mechanism for Clark to challenge his conviction. *See Hamberg* at ¶ 10 ("a Crim.R. 33 motion for a new trial does not provide means for challenging a conviction entered upon a guilty plea"), citing *State v. Frohner*, 150 Ohio St. 53, 80 N.E.2d 868 (1948), paragraph thirteen of the syllabus ("[a] plea of guilty in a criminal case precludes the defendant from thereafter making a motion for new trial"). Nevertheless, in the event relief was not proper under Crim.R. 33, Clark specifically requested the trial court to review his motion as a petition for postconviction

relief under R.C. 2953.21(A).

{¶ 14} "Postconviction relief is a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." (Citations omitted.) *State v. Monroe*, 2015-Ohio-844, 29 N.E.3d 391, ¶ 37 (10th Dist.). "Postconviction relief is a remedy sought by a defendant who has either been tried and found guilty beyond a reasonable doubt, or who has pled guilty and has been convicted." *State v. Calhoun*, 86 Ohio St.3d 279, 283, 714 N.E.2d 905 (1999).

{¶ 15} R.C. 2953.21(A), the statute that governs postconviction relief, provides the following:

(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

* * *

(2) * * * If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

{¶ 16} Clark's motion, which essentially requested the court to vacate his conviction and sentence based on a constitutional violation concerning alleged *Brady* material, meets the statutory definition of a timely petition for postconviction relief. Although Clark briefly stated in his motion that the effect of the alleged *Brady* violation "raises question to [his] plea of guilty being willfully, knowingly, and or/intelligently made," and he generally averred in his affidavit that his plea was not "willfully, intelligently or knowingly made," Clark did not specifically argue for a withdrawal of his plea nor cite any legal authority that is indicative of a motion to withdraw guilty plea. Rather, his motion specifically invoked relief under R.C. 2953.21(A), which is an entirely different form of relief from a Crim.R. 32.1 motion. Moreover, to the extent that Clark's claim concerns an alleged *Brady* violation that relies upon exculpatory evidence, which is outside the record and therefore not before this court, his motion is more appropriately considered a petition for post-conviction relief. *See State v. McCann*, 4th Dist. Lawrence No. 12CA18, 2013-Ohio-2992, ¶ 15; *State v. Laster*, 2d Dist. Montgomery No. 19387, 2003-Ohio-1564, ¶ 8.

{¶ 17} That said, since a Crim.R. 33 motion for new trial was clearly an erroneous mechanism for Clark's claim for relief, and since R.C. 2953.21(A) was specifically invoked by Clark's motion, we find that the trial court should have reviewed the motion as a petition for postconviction relief as opposed to dismissing the motion solely based on the inapplicability of Crim.R. 33.

{¶ 18} As for the evidentiary hearing, R.C. 2953.21(C) and (E) provide that:

(C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive

grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

* * *

(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. * * *

{¶ 19} Under these provisions, "a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing." (Citation omitted.) *Calhoun*, 86 Ohio St.3d at 282, 714 N.E.2d 905. "Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief, (R.C. 2953.21[C]), i.e., whether there are grounds to believe that 'there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.' " (Emphasis deleted.) *Id.* at 283, quoting R.C. 2953.21(A)(1). In determining whether there are grounds for such relief, the trial court is required to consider Clark's petition and the supporting affidavits. R.C. 2953.21(C). Thus, Clark has the initial

burden to provide evidence containing sufficient operative facts to demonstrate a cognizable claim of constitutional error. *State v. Kapper*, 5 Ohio St.3d 36, 37-38, 448 N.E.2d 823 (1983).

{¶ 20} Generally, self-serving affidavits submitted by a defendant in support of his claim for postconviction relief are insufficient to trigger the right to a hearing or to justify granting the petition under R.C. 2953.21. *Kapper* at 38; *State v. Perkins*, 2d Dist. Montgomery No. 24397, 2011-Ohio-5070, ¶ 15. "Though we recognize that every affidavit submitted by a post-conviction relief petitioner is to some degree or another 'self-serving,' such affidavits should not lightly be deemed false as they are by definition a statement that the affiant has sworn to be truthful and made under penalty of perjury." *State v. Padgett*, 2d Dist. Montgomery No. 17658, 1999 WL 1127398, * 3 (Dec. 10, 1999), citing *Calhoun* at 284. Nevertheless, "the trial court may, under appropriate circumstances in postconviction relief proceedings, deem affidavit testimony to lack credibility without first observing or examining the affiant." *Calhoun* at 284.

{¶ 21} In accessing the credibility of affidavits, the Supreme Court in *Calhoun* provided the following relevant factors to be considered:

(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn

testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony.

*Calhoun,* 86 Ohio St.3d at 285, 714 N.E.2d 905, citing *State v. Moore*, 99 Ohio App.3d 748, 754-756, 651 N.E.2d 1319 (1st Dist.1994).

{¶ 22} "Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility." *Id.* "Such a decision should be within the discretion of the trial court." *Id.* "A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur." *Id.*

{¶ 23} In this case, it appears as though a number of the *Calhoun* factors apply to discount the credibility of Clark's supporting affidavits. However, it is not this court's place to judge the credibility of the affidavits or to rule on Clark's motion/petition, as the decision to grant or dismiss the petition with or without a hearing falls within the sound discretion of the trial court. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 45, 58.

{¶ 24} For reasons different from those argued under his assignment of error, Clark's sole assignment of error is sustained.

**Conclusion**

{¶ 25} The judgment of the trial court is reversed and the cause is remanded for the trial court to review Clark's motion as a petition for postconviction relief under R.C.

2953.21 and to issue a ruling on the petition in accordance with Crim.R. 35.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

R. Kelly Ormsby, III
Richard L. Kaplan
Hon. Jonathan P. Hein