[Cite as *State v. Moody*, 2018-Ohio-2561.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27737 |
| | : | |
| v. | : | Trial Court Case No. 14-CR-3237 |
| | : | |
| CURTIS A. MOODY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of June, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

CURTIS A. MOODY, #720-836, P.O. Box 56, Lebanon, Ohio 45036
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Curtis A. Moody appeals pro se from the trial court's denial of his petition for post-conviction relief under R.C. 2953.21.

{¶ 2} In two assignments of error, Moody asserts that his petition established ineffective assistance of trial counsel based on (1) a failure to investigate four alibi witnesses and (2) a failure to obtain DNA testing on a bloody board. In light of these perceived deficiencies, Moody contends the trial court erred in denying him post-conviction relief.

{¶ 3} The record reflects that Moody received a lengthy prison sentence after being convicted of murder and other offenses. He appealed from his convictions, and a trial transcript was filed on January 4, 2016. This court overruled six assignments of error and affirmed the trial court's judgment on December 23, 2016. *See State v. Moody*, 2d Dist. Montgomery No. 26926, 2016-Ohio-8366. Moody filed his petition for post-conviction relief on January 18, 2017. The trial court denied the petition in a September 6, 2017 decision, order, and entry. It found the petition untimely, and it concluded that Moody had not made the showings necessary to overcome his untimeliness. This appeal followed.

{¶ 4} Under R.C. 2953.21(A)(2), a defendant is required to file a post-conviction relief petition within 365 days after the trial transcript is filed in his direct appeal. As relevant here, a court may not entertain a late petition unless "both of the following apply": (1) the petitioner "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim" and (2) "[t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty." R.C. 2953.23(A). Each of these showings is a

jurisdictional requirement and both must be met before a trial court may consider an otherwise-untimely petition for post-conviction relief. *State v. Baker*, 2d Dist. Montgomery No. 27596, 2017-Ohio-8602, ¶ 12. "The phrase 'unavoidably prevented' means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *State v. Rainey*, 2d Dist. Montgomery No. 23851, 2010-Ohio-5162, ¶ 13, quoting *State v. McDonald*, 6th Dist. Erie No. E–04–009, 2005-Ohio-798, ¶ 19.

{¶ 5} Here Moody did not meet the 365-day time requirement. The transcript in his direct appeal was filed on January 4, 2016. Moody filed his petition more than 365 days later on January 18, 2017. The petition did not address untimeliness or make any effort to satisfy the unavoidably-prevented requirement. Moreover, it is not apparent from the nature of Moody's claims that he was unavoidably prevented from timely discovering the facts upon which his petition rests. With regard to the alibi witnesses, who Moody claims would have exonerated him by establishing that he was not at the crime scene, he presumably would have known of them at the time of trial if they were able to establish his whereabouts. As for the bloody board, it was mentioned at trial. Therefore, the lack of DNA testing on the board was known to Moody at that time. Given Moody's failure to establish that he was unavoidably prevented from timely filing his petition, the trial court did not err in denying him relief on the basis of untimeliness. In fact, because the timeliness requirements are jurisdictional, the trial court had no authority to consider the merits of the petition.

{¶ 6} The trial court also correctly determined that Moody had failed to show, by clear and convincing evidence, that but for constitutional error at trial no reasonable factfinder would have found him guilty. Moody's petition failed to include any affidavits or

other evidentiary materials demonstrating the proposed alibi witnesses' basis of knowledge or what they would have said if they had been called to testify. With regard to the board (which appears to have been stained with the victim's blood), Moody simply claimed that it would have exonerated him if the blood on it had been DNA tested. The trial court found Moody's unsupported assertions insufficient to establish, by clear and convincing evidence, that constitutional error caused the jury to convict him. We see no error in this determination, which we review for an abuse of discretion. *State v. Mackey*, 2018-Ohio-516, __ N.E.3d __, ¶ 8 (2d Dist.).

{¶ 7} Based on the reasoning set forth above, we overrule Moody's assignments of error and affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . .

DONOVAN, J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Curtis A. Moody
Hon. Barbara P. Gorman