[Cite as *State v. McCain*, 2021-Ohio-4337.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29092 |
| | : | |
| v. | : | Trial Court Case No. 2004-CR-1865 |
| | : | |
| MICHAEL D. MCCAIN, SR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of December, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MICHAEL D. MCCAIN, SR., #A479-429, Pickway Correctional Institution, P.O. Box 709, 11781 State Route 762, Orient, Ohio 43146
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Michael D. McCain, Sr., appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled his motion entitled: "Petition for Post-Conviction Relief, to Set-Aside the Conviction, and Withdraw the Guilty Pleas." For the following reasons, the trial court's judgment will be affirmed.

## I.        Facts and Procedural History

{¶ 2} In May 2004, McCain was indicted by a Montgomery County grand jury on murder, aggravated robbery, and falsification charges stemming from an incident in which he beat a man to death with a golf club in what he describes as a "drug deal gone bad." Appellant's brief at 26. McCain eventually pled guilty to murder and aggravated robbery in exchange for an agreement that his sentences would run concurrently and that his falsification charge would be dismissed. In October 2004, McCain was sentenced to 15 years to life for murder, which was ordered to be served concurrently to a seven-year sentence for aggravated robbery.

{¶ 3} McCain did not file an immediate appeal. Instead, he waited nine years to seek leave to file a delayed appeal. We overruled the motion.

{¶ 4} In August 2013, McCain filed a motion to set aside his conviction and a motion for a stay of execution of judgment. The trial court interpreted the motions as untimely post-conviction relief petitions and overruled them. We affirmed. *State v. McCain*, 2d Dist. Montgomery No. 26020, 2014-Ohio-2819 (*McCain I*). In addition to finding the motions were untimely, we also held that the claims were barred by res judicata as they could have been raised on direct appeal.

{¶ 5} McCain then filed a motion with the trial court to withdraw his guilty plea

arguing that: (1) his plea was not made knowingly, intelligently, or voluntarily because he was mistakenly advised he would be subject to post-release control for his murder conviction; (2) the judgment entry did not indicate that post-release control was mandatory for the aggravated robbery conviction; and (3) he received ineffective assistance of counsel. In response, the trial court filed an amended judgment of conviction that vacated the post-release control order for the aggravated robbery. It also overruled McCain's motion to withdraw his guilty plea. In an appeal from that decision, we again overruled McCain's assignments of error in toto. *State v. McCain*, 2d Dist. Montgomery No. 26356, 2015-Ohio-449 (*McCain II*).

{¶ 6} In 2015, McCain filed a motion for resentencing and a motion for records. The trial court overruled both motions in July 2015, and McCain did not appeal.

{¶ 7} In March 2016, McCain filed a motion in the trial court entitled: "Petition to Set Aside the Judgment and Vacate the Conviction on the Plea Waiver on the Indictment for Lack of Subject Matter Jurisdiction and Personal Jurisdiction on the Nunc Pro Tunc Entry." The motion was dismissed by the trial court as it was untimely and raised issues that had been previously addressed.

{¶ 8} In July 2016, the trial court filed an entry which vacated its 2014 amended judgment entry and filed a new one which, once more, terminated and vacated McCain's period of post-release control for aggravated robbery, but did so in a way that complied with Crim.R. 32.

{¶ 9} McCain appealed again, this time arguing that: (1) the trial court should not have issued another amended judgment entry; (2) the trial court erred by denying his petition to set aside his conviction; (3) he was not provided with effective assistance of

counsel; and (4) the plea procedure was erroneous. We again affirmed the trial court. *State v. McCain*, 2d Dist. Montgomery No. 27195, 2017-Ohio-7518 (*McCain III*).

{¶ 10} McCain filed his most recent post-conviction relief petition in January 2021. In it, he argued that his plea agreement was a quasi-contract into which he did not knowingly, voluntarily, or willingly enter, due to ineffective assistance of counsel; that the charges to which he pled guilty should have merged, resulting in only one conviction; that the mandatory post-release control set forth in his plea agreement was unconstitutional but his counsel, being ineffective, failed to notify him; and that he was not afforded sufficient rehabilitation enabling him to be eligible to be released on parole. The trial court overruled the petition without a hearing in March 2021. The court reasoned that the petition was untimely and that McCain did not demonstrate that he was unavoidably prevented from discovering the information supporting his petition in a timely manner. It further found that even if the petition were timely, the claims raised were barred by res judicata.

{¶ 11} McCain appeals this ruling.

## II. Post-Conviction Relief

{¶ 12} While McCain explores many topics in his brief's first assignment of error, the gravamen of the argument seems to be that the trial court erred when it overruled his post-conviction relief petition.

{¶ 13} A post-conviction relief petition "is a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Clark,* 2017-Ohio-120, 80 N.E.3d 1251, ¶ 14 (2d

Dist.). It is a civil attack on a criminal judgment and is not an appeal from the criminal conviction. *State v. Wells*, 2d Dist. Montgomery No. 22389, 2008-Ohio-4932, ¶ 1.

{¶ 14}  Under R.C. 2953.21(A)(2), a defendant is required to file a post-conviction relief petition within 365 days after the trial transcript is filed in his direct appeal. *State v. Moody*, 2d Dist. Montgomery No. 27737, 2018-Ohio-2561, ¶ 4. If no appeal was taken, the post-conviction petition must be filed within 365 days after the date on which a timely notice of appeal could have been filed – 30 days after judgment. R.C. 2953.21(A)(2).

{¶ 15} A court may not consider an untimely petition unless both of the following apply: (1) the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim, or the United State Supreme Court has recognized a new federal or state right that applies retroactively, and (2) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty. R.C. 2953.23(A). "Each of these showings is a jurisdictional requirement and both must be met before a trial court may consider an otherwise-untimely petition for post-conviction relief." *Moody* at ¶ 4.

{¶ 16} We review a trial court's denial of a post-conviction relief petition under an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. *Ojalvo v. Bd. of Trustees of Ohio State Univ.*, 12 Ohio St.3d 230, 232, 466 N.E.2d 875 (1984).

{¶ 17} In this case, McCain's most recent post-conviction relief petition was filed out of time. The document was filed January 13, 2021, more than 16 years after the date of his conviction and approximately 15 years after the statutory deadline for filing a post-

conviction relief petition. Therefore, for the trial court to even consider McCain's petition, he was required to demonstrate that he was unavoidably prevented from discovering the facts upon which he relied to present the claim and that, but for constitutional error at trial, no reasonable factfinder would have found him guilty. R.C. 2953.23(A). McCain, though, has not shown any indication that he was unavoidably prevented from discovering evidence or that the United States Supreme Court has recognized new rights that would apply to his claim. Hence, the trial court did not have jurisdiction to consider the petition and did abuse its discretion by dismissing it.

{¶ 18} Further, the claims McCain brought in his post-conviction petition were barred by res judicata. "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Thus, the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶ 19} "Res judicata does not, however, apply only to direct appeals, but to all postconviction proceedings in which an issue was or could have been raised." *State v. Heid*, 4th Dist. Scioto No. 15CA3710, 2016-Ohio-2756, ¶ 18. This also prohibits raising "piecemeal" claims in successive post-conviction motions that could have, but were not,

raised the first time around. *McCain III* at ¶ 35.

{¶ 20} Here, McCain's arguments about the merger of his murder and aggravated assault convictions, the voluntariness of his plea, and the ineffective assistance of counsel claims were raised or could have been raised in previous post-conviction petitions or in a direct appeal. The facts upon which he has based these most recent claims were known to him at the time of trial and are contained in the record. Because of that, the post-conviction relief petition was also barred by res judicata.

{¶ 21} McCain's first assignment of error is overruled.

### III.     Motion to Withdraw Guilty Plea and Merger

{¶ 22}  In his second assignment of error, McCain argues that his murder and aggravated robbery sentences should have merged.

{¶ 23} Throughout his brief, but especially in his second assignment of error, McCain argues that the trial court erred by not merging his murder and aggravated robbery sentences because, he claims, they were allied offenses of similar import. He further asserts that the error makes his sentence void.

{¶ 24} "When determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31. Offenses of dissimilar import exist when the defendant's conduct constitutes offenses involving separate victims or if the harm caused by each offense is separate and identifiable. *Id.* at paragraph two of the syllabus.

{¶ 25} In this case, McCain's argument was barred by res judicata. "The failure to merge allied offenses does not render a judgment void, but voidable." *State v. Byrd*, 2d Dist. Montgomery No. 26700, 2015-Ohio-5293, ¶ 10. Challenges to the sentencing court's failure to merge purportedly allied offenses are barred by res judicata if they could have been raised on direct appeal. *Id*. This issue was known by McCain in 2004 when he was sentenced, and it could have been raised in a direct appeal; however, he did not file one. McCain is foreclosed from raising the issue of merger for the first time in his third post-conviction relief motion. Even if this topic were not barred by res judicata, McCain has not provided any information in his brief that goes to the merits of his argument. Merely stating his convictions were allied offenses does not make them so.

{¶ 26} McCain's second assignment of error is overruled.

### IV.  Parole

{¶ 27} McCain's third assignment of error is spent philosophizing about and criticizing the parole system, the penal system in general, and his particular parole hearing which was held in 2019. And while it is not clear from his brief exactly what type of relief McCain wants from this court, it appears, as the State infers in its brief, that he wants "something to be done to force the Adult Parole Authority (APA) to grant him parole." Appellee's brief at 11. This Court, though, has no authority to interfere with the APA's decisions regarding whether to grant parole.

{¶ 28} "A decision whether to grant or deny parole lies with the parole board, which is part of the executive branch of the government." *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, ¶ 36. Parole is not guaranteed, even if an inmate is otherwise eligible for it. The APA " 'has wide-ranging discretion in parole matters' and

may refuse to grant release to an eligible offender." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 37, quoting *Layne v. Ohio Adult Parole Auth.*, 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548, ¶ 28.

{¶ 29} Notwithstanding McCain's grievances with the APA's decision-making regarding his parole hearing, he has not presented any evidence that the agency acted improperly. He simply believes he has been rehabilitated. The parole board has broad discretion when it comes to parole decisions and neither the trial court nor this Court can award McCain the relief he requests – the granting of his parole.

{¶ 30}  McCain's third assignment of error is overruled.

**V.      Conclusion**

{¶ 31} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, P. J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Michael D. McCain, Sr.
Hon. Mary Katherine Huffman