[Cite as *State v. Moody*, 2024-Ohio-864.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29885 |
| | : | |
| v. | : | Trial Court Case No. 2014 CR 03237 |
| | : | |
| CURTIS ANTHONY MOODY | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 8, 2024

. . . . . . . . . . .

CURTIS ANTHONY MOODY, Pro Se Appellant

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Curtis Anthony Moody, pro se, appeals from the denial of his successive petition for postconviction relief. For the following reasons, the trial court's judgment will be affirmed.

**I. Facts and Procedural History**

{¶ 2} During the evening of July 17, 2014, Moody approached a group of

individuals who were socializing and drinking beer in a dirt lot next to a convenience store on Germantown Street in Dayton. He began arguing with Jeffrey Farr, Sr., and ultimately shot Farr six times; Farr died from his injuries. In November 2015, Moody was convicted of murder with a firearm specification and having weapons while under disability. He received an aggregate sentence of 21 years to life in prison, to be served consecutively to a three-year prison term in another case.

{¶ 3} Moody appealed from his conviction, raising six assignments of error. His second assignment of error claimed that the trial court had erred in failing to grant him a continuance due to the State's late disclosure of alleged *Brady* material, including State's Exhibit 83, a CD containing seven cruiser camera videos. (Two short segments of one cruiser video were played for impeachment purposes at trial.) Moody further argued that his due process rights had been violated because of the State's alleged *Brady* violation and its failure to authenticate the cruiser videos at trial. We overruled the assignments of error and affirmed Moody's conviction. *State v. Moody*, 2d Dist. Montgomery No. 26926, 2016-Ohio-8366. We also denied two untimely requests to reopen his direct appeal.

{¶ 4} Moody filed his first petition for postconviction relief on January 18, 2017. He asserted that his trial counsel had failed to investigate and present potential DNA evidence and alibi witnesses. The trial court denied the petition, finding it untimely and concluding that Moody had not made the necessary showings to overcome his untimeliness. On appeal, we affirmed. *State v. Moody*, 2d Dist. Montgomery No. 27737, 2018-Ohio-2561.

{¶ 5} In 2021, Moody filed a motion for leave to file a motion for a new trial, pursuant to Crim.R. 33(B), which was denied. Moody sought a delayed appeal of that decision, but we denied his request and dismissed the appeal. *State v. Moody*, 2d Dist. Montgomery No. 29675 (Decision & Final Judgment Entry, Jan. 6, 2023).

{¶ 6} Moody filed a second petition for postconviction relief on June 24, 2022, claiming that his trial attorney had rendered ineffective assistance by (1) failing to impeach Rhonda Alves (Moody's mother) with State's Exhibit 83, which included a recording of her police interview; (2) failing to investigate evidence "hidden" on State's Exhibit 83, including evidence of bribery, intimidation, and coercion by the police; and (3) failing to file a written motion for a continuance based on the State's late disclosure of State's Exhibit 83. Moody argued that he had been unavoidably prevented from timely raising these claims because State's Exhibit 83 was "deliberately concealed and defense counsel [was] prevented from utilizing and processing this evidence for effective use during trial." He attached to his petition: (1) a transcript of the recording of the police interview of Alves on State's Exhibit 83; (2) correspondence from Moody's appellate counsel in 2016 that allegedly showed that Moody had difficulty reviewing trial exhibits in prison; and (3) a November 18, 2019 letter from the Miamisburg probation department indicating that Moody had reported there on July 17, 2014.

{¶ 7} The trial court concluded that Moody's petition was untimely and barred by res judicata. Moody appeals from the trial court's judgment, again claiming that his trial attorney rendered ineffective assistance.

**II. Postconviction Relief**

{¶ 8} A petition for postconviction relief "is a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction."  *State v. Clark*, 2017-Ohio-120, 80 N.E.3d 1251, ¶ 14 (2d Dist.), quoting *State v. Monroe*, 2015-Ohio-844, 29 N.E.3d 391, ¶ 37 (10th Dist.).  "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48.

{¶ 9} When a defendant has pursued a direct appeal of his or her conviction, as Moody has, a petition for postconviction relief must be filed no later than 365 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2).  Trial courts lack jurisdiction to consider an untimely or successive petition for postconviction relief unless the untimeliness is excused under R.C. 2953.23(A).  *E.g.*, *State v. Johnson*, Ohio Slip Opinion No. 2024-Ohio-134, __ N.E.3d __, ¶ 10; *State v. Taylor*, 2021-Ohio-1670, 170 N.E.3d 1310, ¶ 38 (2d Dist.).

{¶ 10} A court may consider an untimely or successive petition if both of the following apply: (1) the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim, or the United State Supreme Court has recognized a new federal or state right that applies retroactively, and (2) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty.  R.C. 2953.23(A)(1).

"Each of these showings is a jurisdictional requirement and both must be met before a trial court may consider an otherwise-untimely petition for post-conviction relief." *Moody*, 2d Dist. Montgomery No. 27737, 2018-Ohio-2561, ¶ 4.

{¶ 11} The petitioner bears the burden of showing that he or she was unavoidably prevented from discovering the evidence on which the petition relies. *Johnson* at ¶ 18. This burden may be satisfied either by establishing a *Brady* violation or by demonstrating that the petitioner was previously unaware of the evidence on which the petition relies and could not have discovered it by exercising reasonable diligence. *Id.* We review de novo whether the trial court had jurisdiction to address a petition for postconviction relief. *Id.* at ¶ 11.

{¶ 12} Here, Moody's June 24, 2022 petition for postconviction relief was both untimely and successive. The transcript in Moody's direct appeal was filed on January 4, 2016, and the petition at issue was filed on June 24, 2022, almost six and a half years later. Moody had previously filed a petition for postconviction relief.

{¶ 13} Moody claims that he was unavoidably prevented from discovering the facts upon which he relies to present his claims, but he was aware of State's Exhibit 83 and its late disclosure during his trial. The record reflects that defense counsel was provided a copy of State's Exhibit 83 and a transcript of Alves's statement recorded on a cruiser camera video on November 7, 2015 (*see, e.g.,* Trial Tr. at 342, 884), and we determined on direct appeal that Moody had not established a *Brady* violation based on the late disclosure. *Moody*, 2d Dist. Montgomery No. 26926, 2016-Ohio-8366, at ¶ 45. An exhibit attached to his petition further shows that he was advised by his appellate counsel

in February 2016 to contact his trial attorney and request a copy of his case file and exhibits.

{¶ 14} In short, Moody has not demonstrated that he was previously unaware of the evidence on which his current petition relies and that he could not have discovered it by exercising reasonable diligence. The trial court correctly concluded that Moody's petition was untimely and his untimeliness was not excused. Hence, the trial court did not have jurisdiction to consider the petition and did not err by dismissing it.

{¶ 15} Even if the trial court had had jurisdiction to address the merits of Moody's petition, the trial court correctly determined that Moody's claims were barred by res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Thus, the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶ 16} "Res judicata does not, however, apply only to direct appeals, but to all postconviction proceedings in which an issue was or could have been raised." *State v.*

*McCain*, 2d Dist. Montgomery No. 29092, 2021-Ohio-4337, ¶ 19, quoting *State v. Heid*, 4th Dist. Scioto No. 15CA3710, 2016-Ohio-2756, ¶ 18; *State v. Becraft*, 2d Dist. Clark No. 2018-CA-96, 2019-Ohio-2348, ¶ 15. This also prohibits raising "piecemeal" claims in successive post-conviction motions that could have been raised, but were not, the first time around. *State v. McCain*, 2d Dist. Montgomery No. 27195, 2017-Ohio-7518, ¶ 35.

{¶ 17} On direct appeal, Moody raised issues with the late disclosure of State's Exhibit 83 and the trial court's failure to grant a continuance due to the late disclosure. Moody's present claims were either raised in his prior appeal and overruled by this court, or could have been raised, but were not, when he filed his direct appeal and/or prior petition for postconviction relief.

{¶ 18} Moody's assignments of error are overruled.

### III. Conclusion

{¶ 19} The trial court's judgment will be affirmed.

. . . . . . . . . . . .

LEWIS, J. and TUCKER, J., concur.