[Cite as *State v. Prince*, 2025-Ohio-1396.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 2024-CA-23 |
| v. | : | Trial Court Case No. 2023 CR 145 |
| JOSEPH MICHAEL PRINCE | : | (Criminal Appeal from Common Pleas Court) |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 18, 2025

. . . . . . . . . . .

JOSEPH MICHAEL PRINCE, Pro Se Appellant

SAMANTHA B. WHETHERHOLT, Attorney for Appellee

. . . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant Joseph Michael Prince appeals from a judgment of the Champaign County Court of Common Pleas that denied his petition for postconviction relief. For the reasons that follow, the judgment of the trial court will be affirmed.

**I.     Facts and Procedural History**

{¶ 2} On August 1, 2023, Prince was indicted by a Champaign County grand jury

on four counts of aggravated possession of drugs, felonies of the fifth-degree, in Champaign C.P. No. 2023 CR 145. Two-and-a-half months later, he agreed to plead guilty to two of the counts, and in exchange, the State dismissed the others. The trial court sentenced Prince to 10 months on each count and ordered that they be served concurrently. However, because he was on post-release control from a 2016 Montgomery County case (Montgomery C.P. No. 2016 CR 2178) when he committed these offenses, the court imposed a judicial sanction of 1,000 days to be served consecutively to the 10-month sentence for the Champaign County drug cases. Prince did not file an appeal.

{¶ 3} On March 28, 2024, Prince petitioned the trial court to "Vacate or Set Aside Judgment of Conviction or Sentence." He argued that the lengthy post-release control sanction was contrary to law because the Montgomery County Common Pleas Court had improperly imposed post-release control. He alleged that the court had failed to inform him that the Adult Parole Authority would administer his post-release control and that violations would make him eligible for sanctions found in R.C. 2967.28. The Champaign County Court of Common Pleas denied the petition, stating that the Montgomery County judgment entry had followed the requirements for imposing post-release control. Prince did not appeal this decision, either.

{¶ 4} Prince then filed another petition for postconviction relief on August 22, 2024. This time, he claimed that the judgment entry in the Montgomery County case was not a final appealable order because it had not been physically signed by the judge. It was, instead, electronically signed on a *different* page. This, he reasoned, violated the "one document rule" found in *State v. Baker*, 2008-Ohio-3330, because "[o]nly one document

can constitute a final appealable order." *Id.* at ¶ 17. It also, according to him, made his 1000-day judicial sanction invalid.

{¶ 5} The trial court denied Prince's postconviction relief petition, finding his argument to be without merit. He has now filed this appeal.

## II.    Postconviction Relief

{¶ 6} In this appeal, Prince raises two related assignments of error, both challenging the trial court's denial of his postconviction relief petition. We will address them together.

{¶ 7} A postconviction relief petition "is a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Clark*, 2017-Ohio-120, ¶ 14 (2d Dist.). It is a civil attack on a criminal judgment and is not an appeal from the criminal conviction. *State v. Wells*, 2008-Ohio-4932, ¶ 1 (2d Dist.).

{¶ 8} Under R.C. 2953.21(A)(2), a defendant is required to file a postconviction relief petition within 365 days after the trial transcript is filed in his direct appeal. *State v. Moody*, 2018-Ohio-2561, ¶ 4 (2d Dist.). If no appeal was taken, the postconviction petition must be filed within 365 days after the date on which a timely notice of appeal could have been filed – 30 days after judgment. R.C. 2953.21(A)(2).

{¶ 9} A court may not consider an untimely petition or a second or successive petition for similar relief unless both of the following apply: (1) the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to

present the claim, or the United States Supreme Court has recognized a new federal or state right that applies retroactively, and (2) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty. R.C. 2953.23(A)(1)(a)-(b). "Unavoidably prevented" means that the defendant was unaware of those facts and was unable to learn of them through reasonable diligence. *State v. Rainey*, 2010-Ohio-5162, ¶ 13 (2d Dist.). "Each of these showings is a jurisdictional requirement and both must be met before a trial court may consider an otherwise-untimely petition for post-conviction relief." *Moody* at ¶ 4.

{¶ 10} We review a trial court's denial of a postconviction relief petition under an abuse of discretion standard. *State v. Gondor*, 2006-Ohio-6679, ¶ 58. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. *Ojalvo v. Bd. of Trustees of Ohio State Univ.*, 12 Ohio St.3d 230, 232 (1984).

{¶ 11} This is Prince's second or successive postconviction relief petition, and to be successful, he was required to demonstrate that he had been unavoidably prevented from discovering the facts upon which he relied to present the claim. That means he was unaware of the facts and could not have learned of them through reasonable diligence. Prince cannot make that claim, as he has been aware since 2016 that the judge in his Montgomery County case electronically signed the judgment entry.

{¶ 12} The doctrine of res judicata also bars this petition. Where an alleged violation could have been raised on direct appeal, and was not, the doctrine of res judicata bars further consideration of the error. *State v. Ogletree*, 1990 WL 12685, *2 (2d Dist.

Feb. 15, 1990). Res judicata also applies to bar raising "piecemeal claims" in successive postconviction relief petitions or motions that could have been raised, but were not, in the first postconviction relief petition. *State v. McCain*, 2017-Ohio-7518, ¶ 35 (2d Dist.). Prince could have and should have raised issues related to the electronic signature in a direct appeal to the Montgomery County Common Pleas Court and/or in his first postconviction relief petition in this case. Because he did not, the trial court did not err, and the assignments of error are overruled.

### III.    Conclusion

**{¶ 13}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . .

HUFFMAN, J. and HANSEMAN, J., concur.